CITY OF HAMILTON, APPELLEE, *v.* PETTY, APPELLANT.

[Cite as Hamilton v. Petty (1972), 33 Ohio App. 2d 194.]

(No. 1493—Decided December 4, 1972.)

*Mr. John T. Willard* and *Mr. Frank J. Froelke,* for appellee.

*Mr. Carl Morgenstern,* for appellant.

HESS, P. J. This is an appeal from a judgment of the Hamilton Municipal Court of Hamilton, Ohio, wherein that court found the defendant, appellant herein, guilty of "trespassing in violation of Section 2909.21, Ohio Revised Code," on a complaint or affidavit in which the defendant was charged with a violation of Section 1307.05 (7) of the codified ordinances of the city of Hamilton, Ohio.

It appears from the record that on September 6, 1972, the defendant, while a customer at Frisch's Drive-In Restaurant on Dixie Highway, in the city of Hamilton, Butler County, Ohio, was arrested by a Hamilton police officer and charged with the violation of Section 1307.05 (7), as amended, of the code of ordinances of the city of Hamilton, which reads as follows:

"1307.05. It shall be unlawful for any person within the city of Hamilton, Ohio, to violate any of the following subsections: (7) No person who shall use 'fighting words' directed toward any person who as a result becomes outraged and thus creates a turmoil."

The complaint signed by the arresting officer reads as follows:

"Hamilton Municipal Court, Hamilton, Ohio, September 8, 1971. This day came Ptl. D. Hering, who being duly sworn by me, John T. Willard, Clerk of the Hamilton Municipal Court of Hamilton, Ohio, says that on or about the 15th day of September, 1971, at the City, County, and State aforesaid: Kenneth M. Petty, 519 Heaton Street, Hamilton, Ohio, did unlawfully disturb the peace and good order of the city of Hamilton, Ohio, by causing a disturbance at Frisch's Parking Lot, refusing to leave when asked to do so, and telling a Frisch's employee to shut his fat mouth, contrary to Section 1307.05 (7) of the Codified Ordinances of the city of Hamilton, Ohio, and contrary to the form of an ordinance of said city in such cases made and provided. (signed) Ptl. D. Hering. Sworn to and subscribed before me, this 9th day of September, 1971 * * * by Robert C. Coates, Deputy Clerk."

When this cause came on for trial on the 22nd day of September, 1971, the defendant presented a motion to quash and argued in support thereof that the alleged offense occurred on September 6, 1971, and the affidavit alleges that it occurred on the 15th day of September, 1971; that no "fighting words" are alleged in the complaint; that the allegations in the complaint charging the appellant with "refusing to leave the premises when told so to do"; and telling a Frisch's employee "to shut his fat mouth" are not in keeping with Ordinance 1307.05 (7) and that "there is no possible way * * * for the two to correlate"; that ordinance 1307.05 violates the Ohio and Federal constitutions; and that the complaint is not drawn in good faith.

The transcript of the docket shows that the motion to quash was overruled, but there is no entry in the record reflecting such action.

However, there appears ten pages of colloquy between counsel and the court in the record, wherein the court repeatedly advised it would be necessary to hear evidence before the court could pass upon the matters presented in the motion to quash.

Before the completion of the extensive cross-examination of the first witness presented by the prosecution, the manager of the restaurant, the trial court made the following pronouncement:

"Now, I've heard enough here, now to make a determination. Its my understanding that under the law, I can change the charge to conform with the evidence as long as it's a lesser charge. That, I am about to do. The charge under 1307.05 (7) bears a possible penalty of $100.00 and costs and fifty days in jail. All of the evidence so far has indicated that an offense of trespassing, under Section 2909.21 of the Ohio Code, which provides for a maximum charge of $50.00 and thirty days in jail, which makes it a lesser charge, and this Section says 'no person, being on the land or premises of another, upon being notified to depart therefrom by the owner or occupant or the agent or servant of either without lawful authority, neglects or refuses to depart therefrom,' and that is exactly the evidence at this point, so we'll try the matter further under that code section."

Immediately after the foregoing pronouncement, counsel for the defendant requested an opportunity to procure and present evidence in relation to the charge of trespassing. The court then stated, "We've made the charge to conform to the evidence," and proceeded to hear evidence.

There was no complaint or affidavit presented to the court alleging a violation of R. C. 2909.21.

At the conclusion of all the evidence and the argument of counsel, the court signed the following judgment entry:

"This case came on for hearing this 22nd day of September, 1971, defendant entering a plea of Not Guilty. The Court, after hearing the testimony, amended the charge to 'Trespassing' in violation of Section 2909.21, Ohio Revised

Code, and did find the defendant guilty of Trespassing and fined him in the amount of $40.00 and Costs of $13.50 and suspended $35.00 of the fine on condition of his good behavior for a period of three years."

It is on this state of the record that this appeal is presented.

The defendant presents three assignments of error which will be considered in the order of their number.

In assignment one, the defendant claims the court erred in overruling the motion to quash. Since the record discloses the trial court did not recognize or consider the complaint filed pursuant to Section 1307.05 (7) of the code of ordinances, the constitutionality of that ordinance is not in issue in this cause. Assignment one is not well taken.

In assignment two, the defendant claims the court erred in changing the charge during the course of the trial from a violation of city ordinance 1307.05 (7) to a state charge under R. C. 2909.21.

Where the court chose to abandon the charge contained in the complaint, sworn to by the arresting officer, without hearing all of the evidence to be presented by the prosecution, and none of that to be presented by the defendant, it effectually found the defendant not guilty of the charge contained in the complaint.

Whether the trespassing statute is or is not a lesser included offense in the disorderly conduct ordinance herein, the trial court was obliged to have heard all the evidence before it made such a determination. An affidavit or sworn complaint in a misdemeanor charge is not subject to amendment by the court. The elements of trespassing and speaking "fighting words" are not in the same class. *State* v. *Nolton,* 19 Ohio St. 2d 133; *State* v. *Byrd,* 14 Ohio App. 2d 218. It follows that assignment two is well taken.

In assignment three, the defendant claims that the court erred in finding that trespassing upon land or premises of another in violation of R. C. 2909.21 is a crime of inferior degree than the crime of disorderly conduct of city of Hamilton Ordinance 1307.05 (7).

We have discussed the issue raised in assignment three in our determination in assignment two.

In *State* v. *Nolton, supra,* Justice Schneider wrote, at page 135:

"If the evidence adduced on behalf of the defense is such that if accepted by the trier it would constitute a complete defense to *all* substantive elements of the crime charged, the trier will not be permitted to consider a lesser included offense for the reason that an unreasonable compromise would be invited on the state's evidence."

The defense had not been heard at the time the court injected the charge of trespassing and there was not such a charge presented to the court by way of affidavit or complaint. We find assignment of error three well taken.

For the reasons discussed herein, the judgment of the Hamilton Municipal Court is reversed and the defendant-appellant is discharged.

*Judgment reversed.*

YOUNG and SHANNON, JJ., concur.