THE STATE OF OHIO, APPELLEE, *v.* BYRD, APPELLANT.

[Cite as State v. Byrd, 14 Ohio App. 2d 218.]

(No. 10410—Decided April 15, 1968.)

*Mr. Melvin G. Rueger* and *Mr. Donald G. Montfort,* for appellee.
*Mr. Arthur J. Reid, Jr.,* for appellant.

SHANNON, J. This comes before us upon appeal from a finding of guilt by a trial judge, a jury having been waived, of the crime of housebreaking (Section 2907.15, Revised Code) in a case arising as the result of the indictment of defendant on a charge of burglary (Section 2907.10 Revised Code).

On June 21, 1967, the proprietor of a restaurant in the city of Cincinnati, Ohio, locked up his place of business at approximately six p. m. At about 10:45 p. m. the same evening, a police officer of the city on patrol saw defendant exiting from an alley, or passageway, upon which one of several doors to the restaurant opened. The defendant was stopped by the officer, but gave an explanation of his presence which, at the time, satisfied the officer, and defendant was permitted to go on his way.

Within several minutes thereafter, the officer went into the alley and discovered a quantity of foodstuffs immediately to the rear of the restaurant. Further investigation disclosed that two interior doors leading from a hallway to the restaurant and a storage room had been forced. Among the items found outside were steaks still frozen solid, butter cartons with ice crystals yet unmelted upon them, eggs and cigars. A cigar can with a fingerprint later identified as that of the defendant was recovered from a trash can in the alley.

Immediately after the discovery of the items, a broadcast was made, and the defendant was apprehended. He denied any connection with the apparent crime, subsequently pleaded not guilty to the indictment and, upon trial, neither took the stand nor offered evidence in his own behalf.

The issue is simply stated: Is the crime of housebreaking a lesser included offense of the crime of burglary?

With admitted reluctance in the case at bar, this court must state that it is not.

It is axiomatic that a person indicted for a superior offense may be convicted thereunder of a lesser offense only where the indictment in form also charges the lesser offense. *State* v. *Kuchmak*, 159 Ohio St. 363.

Paragraph two of the syllabus of the *Kuchmak case* states the test to be applied in making the determination whether an offense is lesser and included, to wit:

"Where the elements of a separate offense are present with others in the offense charged in an indictment, such separate offense is a lesser included offense."

While we respect the sincerity and vigor of the prosecuting attorney's argument that, since we recognize but two seasons—day and night—, a failure of proof of the occurence of an event in the night season compels (or, in the case at bar, justifies) a finding that it must then have taken place in the day season, we cannot concur with it.

The Legislature chose to make burglary and housebreaking separate offenses, and established the essential elements of each. We cannot, by judicial fiat, change the written law. All the elements of housebreaking are not present in the greater offense, and, therefore, we must conclude that the defendant here has been improperly convicted.

It is fruitless for us to observe that the record discloses clear proof of the commission of the crime of burglary. In fact, counsel for defendant concedes, before us, the commission of that crime by someone, narrowing the question to one of the identity of the culprit. While the trial court, in our estimation, properly resolved that question, the conviction was for an offense with which the defendant was not charged, directly or by implication.

Inasmuch as the trial court expressly found the defendant not guilty of burglary we have no alternative but to reverse the conviction of housebreaking and order his release from custody.

*Judgment reversed.*

LONG, P. J., and HILDEBRANT, J., concur.