THE STATE OF OHIO, APPELLEE, *v.*
COLLIER, APPELLANT.

(No. 17-83-11—Decided
September 28, 1984.)

*Michael F. Boller,* prosecuting attorney, and *James F. Stevenson,* for appellee.

*Donald L. Billman,* for appellant.

GUERNSEY, J. This case is on appeal from the Court of Common Pleas of Shelby County, the defendant, William Collier, appellant herein, having been convicted and sentenced for two counts of felony theft and one count of burglary.

The incidents giving rise to the convictions occurred on August 2, 1982. On that date at about 11:00 p.m., defendant and an accomplice were arrested after they had removed and attempted to make away with two television sets from two rooms at the Days Inn, a motel located at Sidney, Ohio. (The accomplice was tried separately and is not a party to this appeal.) On arrival at the motel at about 10:30 p.m. they requested to rent room No. 134 but that room was "blocked off" by the management as being under repair and not available to lodgers. They rented room No. 136 instead. The two sets taken and found in defendant's possession when he was apprehended in the motel parking lot were

from rooms No. 134 and No. 136, the defendant having made a forced entrance into the former and then taking the television set from room No. 136 before taking the one from room No. 134.

The complaint filed in municipal court charged him with two counts of felony theft and one count of breaking and entering. On August 12, 1982, defendant waived preliminary hearing on those charges and on August 26, 1982, was released on bond.

On September 10, 1982, the Shelby County Grand Jury indicted defendant for the two counts of felony theft, but no breaking and entering indictment was returned. It appears that the prosecuting attorney did not seek an indictment on this charge with the intent of gaining leverage during the plea bargaining process. Nevertheless, defendant was arraigned on October 13, 1982, and entered a plea of not guilty to the two theft charges. An "assignment conference" was set for November 17 but defendant failed to appear.

Subsequently, after unsuccessful plea bargaining discussions, on March 1, 1983, the grand jury indicted defendant for burglary.

On the day of trial the court ruled on various pre-trial motions made by defendant, including a motion to discharge the burglary count as a violation of his right to speedy trial, and a motion for the court to apply the amendment in the theft statute raising the minimum value of property stolen to constitute a felony theft from $150 to $300. The court ruled that the defendant was not deprived of a speedy trial because he was not held "pending charges on breaking and entering or burglary between September 10, 1982 [the day the first indictment was returned] and March 1, 1983 [the date of the second indictment] and that this period of time should be excluded from any calculation of the time within which the Defendant must be brought to trial." The court also ruled that the amendment to R.C. 2913.02, which became effective January 5, 1983, could not be applied as the alleged crimes were committed before the amendment became effective. Defendant was then tried, convicted and sentenced, and appeals these and other actions of the trial court.

### First Assignment of Error

"It was error for the trial court not to have applied R.C. 2913.02, as amended effective January 5, 1983, in the trial which occurred on April 19, 1983."

R.C. 2913.02(B) was amended to provide that "* * * [i]f the value of the property or services stolen is less than three hundred dollars, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services stolen is three hundred dollars or more and is less than five thousand dollars * * * a violation of this section is theft, a felony of the fourth degree." By express provision of Section 11 of House Bill 269, enacted in 1982, this amendment, previously contained in Am. Sub. S.B. 199 of the same session, became effective January 5, 1983. Page's Revised Code Annotated, 1983 Legislative Bulletin, page 333. The line of demarcation set forth in the theft statute before the amendment was one hundred fifty dollars rather than three hundred dollars and the defendant contends that the application of the amendment precluded the trial court from giving him felony sentences for either of the two theft counts for which he was indicted and found guilty. The trial court, on the other hand, focused on the date on which the offenses were committed and concluded, in that the crimes occurred prior to the effective date of the amendment, that it was bound by the previous line of demarcation in determining the sentences.

Since the amending legislation did not specifically provide whether the

amendment was to be applied to pending criminal proceedings, the solution of such issue depends on whether the following general provisions of R.C. 1.58(A) or the following provisions of R.C. 1.58(B) are applicable:

"(A) The * * * amendment * * * of a statute does not, except as provided in division (B) of this section:

"* * *

"(3) Affect any violation thereof or penalty, forfeiture, or punishment incurred in respect thereto, prior to the amendment or repeal;

"* * *

"(B) If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture or punishment, if not already imposed, shall be imposed according to the statute as amended."

Thus, subdivision (A) of R.C. 1.58 applies only if subdivision (B) does not apply, and subdivision (B) applies if the amendment involves penalty, forfeiture or punishment and operates to reduce the penalty previously provided.

Review of R.C. 2913.02 discloses that the offense of theft therein defined is complete and the offender becomes guilty thereof without respect to the value of the property or services involved, and the value of the property or services involved (or the kind of property taken or the existence of a previous conviction) only serves to define the degree of the offense and to prescribe the penalty for that degree. Thus, in R.C. 2913.02, at all times here involved, the definition of the offense of theft, and, accordingly, its violation, remained the same. Only the degrees of the crime were changed by amendment. Before the value amendment herein involved, the statute prescribed three degrees, namely "petty theft," "grand theft," and "grand theft of a motor vehicle." After the amendment the statute prescribed a fourth degree, simply

"theft." These degrees do not describe different offenses but merely provide a means to enable the court to administer the appropriate penalty. *State* v. *Whitten* (1910), 82 Ohio St. 174, 182.

In specific application to R.C. 2913.61, effective January 1, 1974 (see 134 Ohio Laws 1932), in its application to findings of value under R.C. 2913.61, the legislative committee commented that findings of exact value are not required "since the purpose of the finding is not to award damages but to determine whether value is above or below a specific point *for penalty purposes.*" (Emphasis added.)

We conclude from the foregoing that the amendment to R.C. 2913.02 raising the demarcation from one hundred fifty dollars to three hundred dollars relates only to penalty and since it operated, when the value of the property stolen fell between these two limitations, to reduce the penalty from that prescribed for a felony to that prescribed for a misdemeanor, the amendment comes within the provisions of R.C. 1.58(B), requiring, in the instant case, that the amendment be applied, and that the penalty be imposed according to the amendment. See, also, *State* v. *Burton* (1983), 11 Ohio App. 3d 261.

Accordingly, the defendant's first assignment of error is well-taken, and the trial court was precluded from sentencing the defendant on the basis of R.C. 2913.02(B) as it existed before the amendment here considered.

### Second Assignment of Error

"It was error for the trial court to hold that the value of the stolen "used" televisions would be determined by establishing the value of "new" televisions, this being an erroneous application of R.C. 2913.61."

### Third Assignment of Error

"The conviction of the defendant of the crime of grand theft was not proper

upon the failure of the state to establish that the "used" televisions were of sufficient value for a conviction of grand theft, and the conviction was otherwise against the manifest weight of the evidence."

As the defendant has argued these two assignments of error together we will dispose of them together, but on somewhat different reasons than argued by either party.

R.C. 2913.61, which complements R.C. 2913.02 by providing the manner in which the value of stolen property shall be determined, was amended by the legislature at the same time as was R.C. 2913.02, to reflect the new parameters of the respective degrees of theft.

In each of the theft counts of the indictment, lodged against the defendant before these amendments, the value of the television stolen was alleged to be "$150.00 or more," and each count constituted, at that time, a felony charge. The amending legislation, without the court, in turn, amending the indictment, operated to reduce these counts to misdemeanor counts, because felony theft thereafter required a value of stolen property of three hundred dollars or more. In any event, there could be no sentence for felony theft unless there was a finding concurrent with the finding of guilt that the property stolen was of a value of three hundred dollars or more. Here the court merely found that the value of the "RCA color television sets which were the subject of the indictment," which constituted "the cost of replacing such property with new property of like kind and value is in excess of $150.00." At best, this finding of value is ambiguous because it relates to the total value of both sets involved in the two counts of the indictment and not to the value of each set taken. There is no finding that any one set involved in any one count of the indictment is of a value of three hundred dollars or more, or, for that matter, of a value of one hundred fifty dollars or more, and thus no factual findings of value on which to base felony convictions on each, or either, count of the indictment.

Moreover, R.C. 2913.61(A), in its amended form is by its terms not operative and does not, as applied to R.C. 2913.02, require the trier of fact to make any of the findings of value set forth in that subdivision unless the defendant has been charged with theft of property or services valued at three hundred dollars or more, thus excepting from its operation any charge of misdemeanor theft. Thus, a finding of guilty, when only misdemeanor theft is charged, has no relation to value and requires only a misdemeanor penalty. On the other hand, when felony theft is charged, a finding of guilty requires a further finding of value in order to determine the degree of the crime and its penalty, *i.e.,* whether that penalty shall be a misdemeanor penalty or a felony penalty.

The amendments to R.C. 2913.61(A) were, like the amendment to R.C. 2913.02, amendments as to penalty and serve to reduce the penalty for thefts of certain values, as herein involved. They likewise were applicable to the time of sentencing and required, for the valuation provisions of the subdivision to be operative, that the charges *at that time* constitute felony charges.

Accordingly, the counts for theft not having been amended, there was no duty placed on the trial court to determine the value of the property taken, and its determination, while ambiguous, was wholly surplusage to the procedural situation which obtained and governed the trial court in determining the penalty which should be imposed on the defendant.

We find the second and third assignments of error well-taken requiring reversal of the felony theft sentences and remand for resentencing the defendant to a misdemeanor sentence for

each of the two counts of misdemeanor theft for which he was found guilty.

### Fourth Assignment of Error

"It was error for the trial court not to have decided defendant's pre-trial motion to dismiss the amended indictment before trial as required by [Crim.] R. 12(E) and such prejudiced defendant's right to a fair trial."

On April 14, 1983, the court granted *ex parte* the state's motion to amend the indictment for theft to include the element of "having previously been convicted of a theft offense." The day before trial the defendant filed a motion to dismiss the amended indictment. On the day of trial the court sustained the motion in part and ordered "the amended portion of the indictment, alleging a prior conviction to be dismissed." Thus, the ruling was in favor of the defendant and the trial proceeded as if there had been no amendment to the original indictment. The defendant does not show that he was prejudiced by any error committed by the trial court as here assigned.

By "dismissing" the amendment the trial court eliminated any potential error which might have resulted from the presence of the amendment. The defendant's further contention that this action was tardy and deprived him, because of such tardiness, of the effective assistance of counsel is unconvincing. Moreover, he has not invited our attention to any place in the record, and we have found none, where he raised such issue before the trial court.

Prejudicial error not being shown in the record or by defendant, we find his fourth assignment of error not well-taken.

### Fifth Assignment of Error

"The prosecutor's threat of a further indictment on the more serious charge of burglary offended the Due Process Clause of the Fourteenth Amendment and tainted the trial."

Defendant quotes in support of his argument a passage from Justice Stewart's opinion in *Bordenkircher* v. *Hayes* (1978), 434 U.S. 357. The case involved a prosecutor reindicting a defendant as threatened for not accepting a plea bargain offer. The court held the action not violative of the Due Process Clause as applied to the states through the Fourteenth Amendment. As appears from the following quote from *Bordenkircher, supra,* at 364, the reality of the ultimate goal of the "give-and-take" of plea bargaining justifies the prosecutor's persuasion by threat of another indictment:

"* * * In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion. Within the limits set by the legislature's constitutionally valid definition of chargeable offenses, 'the conscious exercise of some selectivity in enforcement is not in itself a federal constitutional violation' so long as 'the selection was [not] deliberately based on an unjustifible standard such as race, religion, or other arbitrary classification.' * * * To hold that the prosecutor's desire to induce a guilty plea is an 'unjustifiable standard,' which, like race or religion, may play no part in his charging decision, would contradict the very premises that underlie the concept of plea bargaining itself. * * *"

The fifth assignment of error is not well-taken.

### Seventh Assignment of Error

"The conviction of the defendant of the crime of burglary, R.C. 2911.12, was not proper upon the failure of the state to establish that the structure was an "occupied structure" as defined in R.C. 2909.01, and the conviction was otherwise against the manifest weight of the evidence."

For reasons which will become obvious we shall consider the seventh assignment of error before the sixth.

Although the indictment was for the burglary of the "Days Inn Motel, an occupied structure, * * * or in a separately secured or separately occupied portion thereof," the parties are in agreement in their briefs and the proof was that the focal point of the burglary was room No. 134 of that motel.

R.C. 2911.12 sets forth that no person "shall trespass in an occupied structure as defined in section 2909.01 of the Revised Code." It was the state's position that room No. 134, the room "blocked off" for repair and hence unavailable for lodgers, was an occupied structure as defined in R.C. 2909.01(C), specifically a structure, or any portion thereof, "[w]hich at the time is specially adapted for the overnight accommodation of any person, whether or not any person is actually present." Defendant counters that the state did not prove room No. 134 was an "occupied structure" in that it would not under any circumstances be occupied, while closed for repair.

We find no cases directly in point on this issue but note the Committee Comment to R.C. 2911.13, proscribing "breaking and entering":

"This section defines an offense identical to burglary, except that the structure involved in a violation of this section is unoccupied rather than occupied. * * * Because of the comparatively low risk of personal harm, an offense under this section is viewed as the least serious in the hierarchy of breaking and entering offenses in the new code."

The crux of the definitional differences and the differences in penalties among these various entry crimes is the risk of harm to an occupant arising from the intrusion. The record here clearly shows that under no conditions, during the time frame involved, was the room to be available for occupancy by lodgers and thus, at that time, was not specially adapted for their overnight accommodation. Similarly, the alleged burglary occurred in the time frame of 10:30 to 11:00 p.m. and the state has not shown that there was any likelihood of occupancy by any repair personnel or other persons. We find no category of occupancy set forth under R.C. 2909.01 which the state proved to exist so as to prove, in turn, that room No. 134 was an "occupied structure as defined in section 2909.01 of the Revised Code." R.C. 2911.12.

Accordingly, there was a failure of proof as to an essential element of the crime of burglary charged in the second indictment. For such failure the judgment of conviction and sentence for such crime must be reversed and vacated. In that the crime of breaking and entering, as defined by R.C. 2911.13, requires proof that the structure involved is "unoccupied," which is diametrically opposed to the proof of occupancy required by R.C. 2911.12 defining burglary, proof of the crime of burglary will not prove all of the elements of the crime of breaking and entering, and the latter crime is not a lesser included offense of the former. That being the case, the defendant must be discharged on the charge of burglary and may not, on the proof at trial, be found guilty of breaking and entering. Compare *State* v. *Byrd* (1968), 14 Ohio App. 2d 218 [43 O.O.2d 450].

### Sixth Assignment of Error

"It was error for the trial court not to have granted defendant's motion for discharge on the burglary count on the grounds that he was denied a speedy trial on that charge."

### Eighth Assignment of Error

"The sentence by the trial court was significantly disproportionate to the crime and was prohibited by the Eighth

Amendment to the United States Constitution."

In that we reverse and vacate the defendant's conviction and sentence for the crime of burglary it is no longer significant whether he received a speedy trial on that charge. The issue has become moot and the sixth assignment of error is without merit.

As to the sentence, an appellate court, with some specific exceptions, is not normally permitted to review the severity of a sentence so long as the sentence falls within the parameters prescribed by the legislature. However, even were we permitted to review same, our action in setting aside the burglary conviction and sentence and in setting aside the two sentences for felony theft, in favor of resentencing for misdemeanor theft, so reduces the time to be served by the defendant that his penalty could no longer be disproportionate or otherwise constitutionally excessive. The eighth assignment of error is without merit. ·

Conclusion

For the error of the trial court in sentencing the defendant on his two convictions of theft as if the degree of the crime were felony theft instead of misdemeanor theft, the said sentences are reversed and vacated and the cause remanded to the trial court for resentencing on said convictions based on the degree of the crimes being misdemeanors as set forth in R.C. 2913.02(B), as amended effective January 5, 1983. For the error of the trial court in convicting and sentencing the defendant for the crime of burglary when the state failed to prove the defendant guilty of that charge, such conviction and sentence are reversed and vacated and the defendant discharged from the charge of burglary.

*Judgment accordingly.*

MILLER, P.J., and COLE, J., concur.