OPINION
This is an appeal by the defendant, Angel B. Quevedo ("Appellant"), from a judgment of the Court of Common Pleas of Van Wert County overruling his motion for resentencing.
On February 6, 1997, Appellant was sentenced to an indefinite term of three to five years imprisonment, pursuant to his plea of guilty to a violation of R.C. 2903.12(A)(2), aggravated assault, a fourth-degree felony. Appellant was sentenced for an offense he committed on or about May 21, 1996.
On October 22, 1997, Appellant filed a motion, based upon the provisions of R.C. 1.58(B), requesting that he be re-sentenced under the new sentencing laws (Senate Bill 2) which became effective on July 1, 1996. The trial court overruled Appellant's motion, finding that
 R.C. 1.58(B) is a rule of statutory construction, to be applied when legislation is ambiguous, and that the later amendment of [Senate bill 2] resulting from Senate Bill 269 prevails over any ambiguity or uncertainty inherent in [Senate Bill 2] with respect to the application of R.C. 1.58(B).
The court further found that Senate Bill 269 did not purport to repeal R.C. 1.58(B), but rather specifically provided that the law did not apply in those instances which were referenced by the amendment. Thus, the court determined that, pursuant to R.C.1.52(A),[1] the later enacted statute (Amended Senate Bill 2) took precedence over R.C. 1.58(B).
Appellant appealed the trial court's denial of his motion for resentencing, asserting the following assignment of error:
 The trial court erred in refusing to recognize Appellant's right to be sentenced in accordance with the law in effect of [sic.] the day he was sentenced.
Appellant contends that, since the penalty for the crime he committed was reduced by the enactment of Senate Bill 2, he should have been sentenced accordingly, pursuant to R.C. 1.58(B), which provides as follows:
 If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.
Amended Senate Bill 2 provides:
 The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and, notwithstanding division (B) of Section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposed a term of imprisonment for an offense that was committed prior to that date.
Appellant argues that, since Amended Senate Bill 2 failed to amend R.C. 1.58(B), it is still effective and should have been followed by the sentencing court. Appellant further notes that various appellate courts of Ohio have determined that a defendant who committed a crime prior to the enactment of Senate Bill 2 but was not sentenced until after the bill's enactment should be sentenced under the new sentencing guidelines. The issue is pending decision in the Supreme Court of Ohio at the present time. See,e.g., State v. Toler (1997), 80 Ohio St.3d 1462;State v. Rush(1997), 80 Ohio St.3d 1462. Contra, Statev. Mitchell (1997), 80 Ohio St.3d 1462.
In State v. Toler (September 19, 1997), Hamilton App. No. C-960835, 1997 WL 603218, unreported, the Court of Appeals for the First District found that the Legislature's use of a "notwithstanding" clause to nullify the application of R.C.1.58(B) was an unconstitutional attempt to "amend" that section.[2] The same appellate district, in State v.Grubbs (December 26, 1997), Hamilton App. No. C-970030, 1997 WL 789420, unreported, reaffirmed its holding in Toler, ruling that when a sentence is imposed by the court after the effective date of the law contained in Senate Bill 2, even when the relevant crime was committed before the effective date of the sentencing statute, the defendant must be sentenced according to the new laws.
However, Judge Gorman, separately concurring in Grubbs "only out of respect for the principle of stare decisis," expressed his view that Toler was "wrongly decided." We agree with his analysis of the issue, and find accordingly in this case. Accord, State v.Delgado (January 29, 1998), Cuyahoga App. No. 71497, 1998 WL 34619, unreported; State v. Hurston (November 7, 1997), Montgomery App. No. 16217, 1997 WL 691466, unreported; State v.Mills (August 29, 1997), Wood App. No. WD-97-012, 1997 WL 543067, unreported; State v. Snowden (July 21, 1997), Butler App. No. CA 97-04-076, 1997 WL 411620, unreported.
Judge Gorman's concurring opinion noted first that the "clear meaning" of the language of section five of Senate Bill 2 is that those defendants committing offenses before July 1, 1996, are not intended to receive any of the reduced sentencing benefits of Senate Bill 2. Further, "the language, but not the meaning, of Section 5 was later altered by Section 3 of Senate Bill 269," when the senate clarified its intent with the addition of the phrase, "notwithstanding division (B) of Section 1.58 of the Revised Code." Thus, Amended Senate Bill 2, by its clear language, applies the new sentencing guidelines only to crimes committed after July 1, 1996 and expressed the legislature's clear intent that "existing code section R.C. 1.58(B) was not to affect this new piece of legislation." Judge Gorman found that the Toler
court, in opining that the legislature had effected a "de facto" amendment of the code, not only had no precedential support for its decision, but also "craft[ed] a completely new constitutional restraint" by misconstruing the purpose and intent of Section15(D), Article II of the Ohio Constitution.[3]
Judge Gorman noted that "under Toler, offenders who committed crimes before July 1, 1996, but were not sentenced until after that date, are entitled to the reduced sentencing benefits of Senate Bill 2 even though it is abundantly clear this is exactly the opposite of what the General Assembly intended." See State v.Wilson (1997), 77 Ohio St.3d 334, 336 (effect must be given to obvious legislative intent). We find that it clear that R.C.1.58(B) remains viable, because Amended Senate Bill 2, with its unambiguous "notwithstanding" language, does no more than create an exception to existing law. Moreover, the Court of Appeals for the Ninth District in State v. McGee found that R.C. 1.58 is only applicable where the effective dates of statutes are "ambiguous."State v. McGee (July 2, 1997), Lorain App. No. 96CA006507, 1997 WL 416452, unreported (citing State v. Collier [1984], 22 Ohio App.3d 25;State v. Coffman [1984], 16 Ohio App.3d 200; State v.Burton [1983], 11 Ohio App.3d 261). In each of the cases cited by theMcGee court, the defendant "who committed an offense prior to, but was sentenced after, the effective date of legislation [reducing the sentence for the relevant crime] was entitled to the benefit of the lesser sentence provided by the amended legislation." The McGee court noted that the "legislation at issue here differs from that reviewed [in the cited cases]" because the amended statutes at issue in those cases failed to "specifically provide whether the amendment was to be applied to pending criminal proceedings." See Collier, 22 Ohio App.3d at 26. However, there is nothing unclear or ambiguous in the intended effective date in the legislation set forth in Senate Bill 2, which clearly provides that the new sentencing guidelines applyonly to crimes committed after the statutes' effective date of July 1, 1996.
And finally, we note the following rule of statutory construction set forth in R.C. 1.51, which provides that if a general provision of the Revised Code conflicts with a "special" provision, "the special provision prevails as an exception to the general provision, unless the general provision is the later adoption and the manifest intent is that the general provision prevail. Clearly, as a special provision specifically revising the criminal sentencing scheme in Ohio, the law set forth in Senate Bill 2 prevails over R.C. 1.58(B), which is of general application.
For the foregoing reasons, Appellant's assignment of error is overruled. Thus, having found no error prejudicial to the appellant herein, in any of the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
SHAW, P.J., and HADLEY, J., concur.
[1] R.C. 1.52(A) provides that "if statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails."
[2] "The code is difficult enough," stated the Toler
court, "occupying approximately five feet on the shelf, without hidden and conflicting provisions— [and] the implementing legislation that purports to amend R.C. 1.58 is not even in the code."
[3] Section 15(D), Article II provides in relevant part:
No law shall be revived or amended unless the new actcontains the entire act revived, or the section or sectionsamended, and the section or sections amended shall berepealed.