OPINION
Appellant Gary Wayne Beasley appeals a judgment of the Stark County Common Pleas Court convicting him of Burglary (R.C.2911.12):
ASSIGNMENTS OF ERROR:
 I. THE JUDGMENT RENDERED BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. TRIAL COUNSEL'S FAILURE TO REQUEST JURY INSTRUCTIONS ON THE LESSER INCLUDED OFFENSES OF BREAKING AND ENTERING AND CRIMINAL TRESPASS, FAILURE TO PRESENT A DEFENSE OR EFFECTIVELY CROSS-EXAMINE WITNESSES AND INAPPROPRIATE CLOSING REMARKS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.
 III. CLOSING STATEMENTS MADE BY THE PROSECUTOR WERE IMPROPER AND PREJUDICIALLY AFFECTED THE SUBSTANTIAL RIGHTS OF THE ACCUSED.
 IV. TRIAL COURT'S FAILURE TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSES OF CRIMINAL TRESPASS AND BREAKING AND ENTERING CONSTITUTED PLAIN ERROR.
Kristie Graham resided on 23rd Street, N.W. in Canton, Ohio, with her boyfriend, Ian, and their two and one-half-year-old-son, Alex. At approximately 2:00 A.M. on September 29, 1997, Kristie was awakened by the barking of Levi, a small dachshund she was watching for a friend. Kristie got out of bed to investigate the barking, as earlier in the evening, Levi had been chasing her cats.
Kristie discovered Levi sitting under a window, looking up, and barking. The window was open and covered by a horizontal blind. She noticed that the blind was moving in toward the house. She screamed, and heard the intruder trying to quiet the dog. Kristie recognized the intruder's voice as appellant's.
Kristie knew appellant, as he is the boyfriend of Kristie's boyfriend's sister. Kristie had spent Christmas and Easter with appellant, and had invited appellant to her son's birthday party.
Appellant was wearing a black tee-shirt and blue jean shorts, and entered a window fifty-seven inches from the base of the floor. He made it through the window to just past his waist. After she recognized appellant, he jumped back out of the window, and she followed, jumping halfway out of the window. Appellant was not particularly athletic. He ran across the yard and jumped down a four-foot wall. Kristie was yelling, "Gary, Gary," but he did not respond. He entered a car, which she recognized as one he often drove, and drove away from the house. Kristie called appellant's girlfriend, Shana, after appellant left. She did not hear appellant in the background when she first called Shana. Kristie then called her boyfriend at work, called 9-1-1, and attempted to telephone Shana a second time.
The second time Kristie telephoned Shana, she heard appellant's voice in the background. He sounded angry, and said he would not want anything in Kristie's house, including her. He called her an "asshole." He said that she should call the police and have them take fingerprints. He also yelled, "A lot of people wear black tee-shirts and jean shorts."
Appellant was charged with Burglary. The case proceeded to jury trial in the Stark County Common Pleas Court. He was convicted as charged, and sentenced to sixteen months incarceration.
 I.
Appellant argues that the conviction is against the manifest weight of the evidence. He primarily argues that Kristie Graham's identification of him was not credible.
In considering a claim that a judgment is against the weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether when resolving conflicts in the evidence, the jury clearly lost its way. State vs. Thompkins
(1997), 78 Ohio St.3d 380, 387. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against conviction. Id.
At the time of the burglary, Kristie Graham had known appellant for nearly four years. She had spent holidays and special occasions with him. In addition, she had a clear view of appellant. A 95-watt lightbulb was located nearby. The window through which appellant entered the residence was nearly five feet from the ground, and appellant had cleared the window to his waist. The jury had the opportunity to view appellant, and confirm Kristie's observation that he did not have a particularly athletic build. She identified appellant's car, which she had seen him driving in the past.
Further, appellant fled the scene upon being identified by appellant. After the second telephone call, appellant became extremely upset.
In order to convict appellant of Burglary pursuant to R.C.2911.12(A)(4), the jury had to find beyond a reasonable doubt that appellant trespassed in a permanent or temporary habitation of any person, when any person other than an accomplice of the offender is present or is likely to be present. At 2:00 A.M., it was reasonably likely that Kristie Graham and her young son would be sleeping at home.
The judgment was not against the manifest weight of the evidence.
The first Assignment of Error is overruled.
 II.
Appellant argues that counsel was ineffective for failing to request lesser-included offense instructions, failing to present a defense, failing to effectively cross-examine witnesses, and making inappropriate remarks in closing arguments.
Counsel is not ineffective unless his performance fell below a reasonable standard of representation, and the appellant was prejudiced by such performance. Strickland vs. Washington (1984),466 U.S. 668; State vs. Bradley (1989), 42 Ohio St.3d 136, cert.denied, 497 U.S. 1011. To show prejudice, the defendant must show that had counsel not erred, there is a reasonable probability that the outcome of the proceeding would have been different. Id.
 Lesser-Included Offense Instructions: An offense is a lesser-included offense of another if the offense carries a lesser penalty than the other, the greater offense cannot ever be committed without also committing a lesser offense, and some element of the greater offense is not required to prove the commission of the lesser offense. State vs. Deem (1988), 40 Ohio St.3d 205, at paragraph three of the syllabus.
Burglary is defined:
 (A) No person, by force, stealth, or deception, shall do any of the following:
 (4) Trespass in a permanent or a temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
R.C. 2911.12(A)(4).
Breaking and Entering is defined:
 (A) No person[,] by force, stealth, or deception, shall trespass in an unoccuped structure with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony.
 (B) No person shall trespass on the land or premises of another, with purpose to commit a felony.
R.C. 2911.13(A),(B).
Criminal Trespass is defined:
 (A) No person, without privilege to do so, shall do any of the following:
 (1) Knowingly enter or remain on the land or premises of another.
R.C. 2911.21(A)(1).
As breaking and entering requires entrance into an unoccupied structure, or entrance into the structure with purpose to commit a felony, and burglary requires entrance into an occupied structure, burglary can be committed without committing breaking and entering. Proof that the structure is unoccupied is diametrically opposed to proof of occupancy and, therefore, proof of the crime of Burglary will not prove all of the elements of the crime of Breaking of Entering, and breaking and entering is not a lesser-included offense of Burglary. State vs. Collier (1984),22 Ohio App.3d 25, 30. Counsel was, therefore, not ineffective for failing to request an instruction on the crime of Breaking and Entering.
Criminal Trespass is a lesser-included offense of Burglary, as to be guilty of Criminal Trespass, one need only knowingly enter or remain on the land of another without privilege to do so.State vs. Smith (1990), 68 Ohio App.3d 692, 697.
Although an offense may be statutorily defined as a lesser-included offense of another, a charge on the lesser-included offense is required only where the evidence presented at trial would reasonable support both an acquittal on the crime charged, and a conviction on the lesser-included offense. State vs. Thomas (1988), 40 Ohio St.3d 213, paragraph two of the syllabus. Further, if the evidence presented by the defense is a complete defense to all substantive elements of the crime charged, a lesser-included offense need not be considered unless the jury could reasonably find against the defendant only on those elements which would constitute a violation of the lesser-included offense. E.g., State vs. Patterson (February 12, 1996), Stark App. No. 1995CA00083, unreported.
The sole issue in the case was whether appellant was the person who entered Kristie Graham's residence. Appellant did not dispute the fact that a person other than appellant or an accomplice of appellant was present or likely to be present. Therefore, on the state of the evidence, the jury could only find that appellant was guilty of Burglary, or not guilty. Therefore, an instruction on the crime of Criminal Trespass was not required, and counsel was not ineffective for failing to request such instruction.
Failure to Present a Defense: There is nothing in the record to indicate what evidence counsel could have presented that would have changed the outcome of the case. Appellant did not testify at trial, and without any indication in the record to the contrary, we must assume that appellant knowingly exercised his privilege against self-incrimination. State vs. Carter (1996), 115 Ohio App.3d 770,776. Further, the record demonstrates that at sentencing, it became apparent that appellant had been convicted of rape in 1982. Pursuant to Evid.R. 609, the State of Ohio could have used this conviction to impeach appellant's credibility had he testified.
Failure to Cross-Examine the Victim: The record indicates that trial counsel thoroughly tested the credibility of Kristie Graham. However, Miss Graham's testimony easily withstood the cross-examination of counsel, and we cannot determine from the record that further cross-examination would have resulted in an acquittal.
Improper Comments in Closing: During closing argument, counsel for appellant stated, "The bottom line here is that Kristie believes that Gary Beasley broke into her house. I truly believe she believes that." Tr. 118-119. The court instructed the jury to disregard this comment. Appellant has not demonstrated that in light of the curative instruction, the remark was so prejudicial that in its absence, appellant would have been acquitted.
Later in closing argument, counsel stated, "I believe that the jurors can conclude that on the night in question, Kristie had suspicions that Gary Beasley did this." Tr. 119. Counsel was attempting to convince the jury that Kristie Graham had suspicions that the intruder was appellant, and attempted to convince herself of this fact. Appellant has not demonstrated that this argument constituted ineffective assistance of counsel.
The second Assignment of Error is overruled.
 III.
Appellant challenges statements made by the prosecutor during closing argument. In considering a claim of prosecutorial misconduct, we first must determine whether the prosecutor's actions were improper, and second, whether the prosecutor's conduct so prejudiced the defendant as to deny him a fair trial.State vs. Lott (1990), 51 Ohio St.3d 160, 165, cert. denied,498 U.S. 1017.
Appellant argues that the prosecutor made numerous improper references during closing argument as to the clothing which Kristie Graham testified that appellant wore on the night of the burglary. Kristie testified at trial that appellant was wearing a black tee-shirt and blue jean shorts. The second time she telephoned Shana, she heard appellant ranting and raving in the background, and her him yell, "A lot of people wear black tee-shirts and jean shorts." Tr. 80. Although counsel objected to the admission of this statement, the trial court overruled the objection.
During closing argument, the prosecutor stated that when appellant called Shana, it was confirmed what kind of clothes appellant was wearing. An objection was sustained, and the jury was asked to disregard the comment. The prosecutor later stated that the second time Kristie called Shana, appellant said that a lot of people wear clothes like that. An objection was not sustained, but the court instructed the jury that statements during closing arguments were not evidence, but were the attorneys' perspective of the evidence. The trial court instructed the jury that they were not in any way bound by the attorneys' perceptions of the evidence. Later, the prosecutor stated that in the background during the second phone call, Kristie Graham heard appellant say that a lot of people wear those kinds of clothes. Again, an objection was sustained. During rebuttal argument, the prosecutor stated that the clothing worn by appellant was confirmed. An objection was overruled.
Appellant has not demonstrated that the prosecutor's statements were improper. The comments were fair interpretations of appellant's statement heard by Kristie concerning the clothing he was wearing on the night in question. Even if the prosecutor did not fairly interpret appellant's statement as a confirmation of the clothing observed by Kristie, the two isolated comments that appellant confirmed the clothing he was wearing did not deprive appellant of a fair trial. The court instructed the jury that closing argument was merely the attorneys' perceptions of the evidence, and the jurors were not bound by such perceptions. Further, there was abundant evidence to support the identification of appellant as the intruder in addition to the clothing he was wearing.
The third Assignment of Error is overruled.
 IV.
Appellant argues that the court committed plain error in failing to instruct on the crimes of Breaking and Entering and Criminal Trespass. As counsel failed to request these instructions, we can only reverse if we find plain error pursuant to Crim.R. 52(B). Under this standard, even if the trial court should have given the instructions, appellant must demonstrate that but for the error, the outcome of the trial would have been different. State vs. Long (1978), 53 Ohio St.2d 91, at paragraph two of the syllabus.
As discussed in Assignment of Error II. above, appellant was not entitled to an instruction on either the offense of Breaking and Entering or Criminal Trespass. Breaking and Entering is not a lesser included offense of Burglary. Further, the evidence did not support an acquittal of the crime of Burglary and a conviction of Criminal Trespass. The sole issue was the identity of the intruder. The additional element needed to convict of Burglary, namely that the structure was a permanent or temporary habitation of any person, when another person is present or likely to be present, was undisputed.
The fourth Assignment of Error is overruled.
The judgment of the Stark County Common Pleas Court is affirmed.
By: Reader, J., Hoffman, P. J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court is affirmed. Costs to appellant.