[Cite as *State v. Steinfurth*, 2012-Ohio-3257.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97549**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSHUA STEINFURTH

DEFENDANT-APPELLANT

**JUDGMENT:
AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549953

**BEFORE:** Rocco, J., Sweeney, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

-i-

**ATTORNEYS FOR APPELLANT**

Timothy Young
Ohio Public Defender

BY:   Katherine A. Szudy
Assistant State Public Defender
Office of the Ohio Public Defender
250 East Broad Street
Suite 1400
Columbus, Ohio 43215

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Kristen L. Sobieski
         William Leland
Assistant Prosecuting Attorneys
The Justice Center
8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} Defendant-appellant Joshua Steinfurth appeals from his conviction and sentence for theft following the entry of a guilty plea. The trial court found Steinfurth guilty of theft, a fifth-degree felony, and resisting arrest, a second-degree misdemeanor. The trial court imposed a 6-month sentence for theft and a 90-day sentence for resisting arrest. The trial court suspended both sentences, and placed Steinfurth on probation for two years.

{¶2} Steinfurth presents two assignments of error. He asserts the trial court erred when it convicted him of a fifth-degree felony when the General Assembly intended the theft offense committed by Steinfurth to be categorized as a first-degree misdemeanor, and defense counsel provided ineffective assistance by failing to request Steinfurth's plea hearing occur after the effective date of 2011 Am.Sub.H.B. No. 86 ("H.B. 86").

{¶3} Upon a review of the record, this court finds Steinfurth's assignments of error have no merit. We affirm Steinfurth's convictions and sentence.

{¶4} Steinfurth's convictions resulted from his actions on May 4, 2011 when he grabbed a cell phone on display, and fled the Verizon Wireless store located on Ridge Road in Brooklyn. Members of the City of Brooklyn Police Department arrived at the scene following a report of the theft, and chased Steinfurth for approximately 25 minutes.

The police eventually caught and detained Steinfurth. The police recovered the cell phone, a Motorola Droid 2 Global with a value of $589.99.

{¶5} The Cuyahoga County Grand Jury indicted Steinfurth on June 10, 2011. He was charged with one count of theft in violation of R.C. 2913.02(A)(1); one count of obstructing official business in violation of R.C. 2921.31(A); one count of breaking and entering in violation of R.C. 2911.13(A); and one count of resisting arrest in violation of R.C. 2921.33(A).

{¶6} By way of a negotiated plea agreement, Steinfurth pled guilty on September 13, 2011 to one count of aggravated theft, a fifth-degree felony, and one count of resisting arrest, a second-degree misdemeanor. The state agreed to dismiss the remaining counts of the indictment in exchange of the plea.

{¶7} The trial court explained at Steinfurth's sentencing hearing on October 13, 2011 that following his plea hearing, "the sentencing law changed so Count 1 [the theft offense] would not be sentenced as if it were a felony 5, but instead be sentenced as if it were a misdemeanor 1 because that's the new level of the offense." The trial court ordered Steinfurth to pay restitution in the amount of $589.99, and imposed a 6-month sentence for the theft offense, and a 90-day sentence for the resisting arrest offense. The trial court suspended both sentences, and placed Steinfurth on probation for two years.

{¶8} Defense counsel entered the following objection:

I just want to be heard about the felony. I just — your Honor, I would just argue in front of the court that the theft that Mr. Steinfurth plead to is —

should be — should reflect that it is a misdemeanor at this point. That's based on the incorporation of Rule 1.58(B) into the new statute. And also a plea is not complete until sentencing. So due to that fact, because he is sentenced after the new laws have passed, I argue that the theft should reflect that it is a misdemeanor of the first degree.

{¶9} The trial court did not agree with defense counsel, stating:

"My understanding of the new law is that you are incorrect. * * * I imposed the sentence as if under the new law as a misdemeanor but I believe it's still a felony 5. * * * You can appeal if you want."

{¶10} Steinfurth appeals his conviction and sentence for theft and presents two assignments of error for our review:

"**I. The trial court erred when it convicted Mr. Steinfurth of a fifth-degree felony, when the General Assembly intended the offense committed by Mr. Steinfurth to be categorized as a first-degree misdemeanor. Fourteenth Amendment to the United States Constitution; Section 16, Article I of the Ohio Constitution; R.C. 1.58.**

**II. Trial counsel provided ineffective assistance of counsel, in violation of the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, by failing to request that Mr. Steinfurth's plea hearing occur after the passage of House Bill 86.** *Strickland v. Washington*, **466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)."**

{¶11} In his first assignment of error, Steinfurth argues he was convicted of a fifth-degree felony in contravention of H.B. 86. Because the value of the stolen

merchandise, $589.99, is less than $1,000.00, he argues that he should have been *convicted and sentenced* for a first-degree misdemeanor under the version of R.C. 2913.02 in effect at the time of sentencing.

{¶12} Between the date of Steinfurth's plea hearing, September 13, 2011, and the date of sentencing, October 13, 2011, H.B. 86 went into effect.  H.B. 86 made the following relevant changes to the theft statute, R.C. 2913.02, effective September 30, 2011:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

(2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;

(3) By deception;

(4) By threat;

(5) By intimidation.

(B)(1) Whoever violates this section is guilty of theft.

(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree.  If the value of the property or services stolen is ~~five hundred~~ one thousand dollars or more and is less than ~~five~~ seven thousand five hundred dollars or if the property stolen is any of the property listed in section 2913.71 of the Revised Code, a violation of this section is theft, a felony of the fifth degree.    * * *

{¶13} R.C. 1.58 expressly provides: "If the *penalty, forfeiture, or punishment* for any offense is reduced by a reenactment or amendment of a statute, the *penalty, forfeiture,*

*or punishment*, if not already imposed, shall be imposed according to the statute as amended." (Emphasis added.) When sentencing an offender, Ohio courts must apply the statute in effect at the time the offender committed the offense, unless a statute, enacted after the commission of the offense, but before sentencing, provides for a lesser punishment.

{¶14} Section 3 of H.B. 86 contains the statement of specific legislative intent that the amendments to R.C. 2913.02 apply to a person who commits an offense specified or penalized under this section *on or after* the effective date of H.B. 86. The amendments also apply to a person to whom division (B) of R.C. 1.58 makes the amendments applicable.

{¶15} Steinfurth committed a felony offense on May 4, 2011. He entered a plea of guilty to the felony offense on September 13, 2011. H.B. 86 went into effect on September 30, 2011. The trial court sentenced Steinfurth on October 13, 2011. Because Steinfurth committed the offense prior to H.B. 86's effective date, but was sentenced after the effective date, he was entitled to and received the reduced penalty for a first-degree misdemeanor based on R.C. 1.58 and H.B. 86's amendments to R.C. 2913.02. R.C. 1.58 clearly states that a criminal defendant receives *the benefit of a reduced penalty, forfeiture, or punishment.* Contrary to Steinfurth's argument, R.C. 1.58 makes no mention of a criminal defendant *receiving the benefit of a lesser or reduced offense* itself, here, the benefit of amending Steinfurth's fifth-degree felony conviction to that of a first-degree misdemeanor.

{¶16} Steinfurth relies on *State v. Burton*, 11 Ohio App.3d 261, 464 N.E.2d 186 (10th Dist.1983) and *State v. Collier*, 22 Ohio App.3d 25, 488 N.E.2d 887 (3rd Dist.1984) in support of his argument he was entitled to the benefit of amending his conviction from a felony to a misdemeanor. These cases, however, clearly support the conclusion that R.C. 1.58, as applied here, only required the trial court to *sentence* Steinfurth for a first-degree misdemeanor pursuant to the amendments to R.C. 2913.02. The trial court correctly concluded the theft offense conviction remained a fifth-degree felony because Steinfurth committed the offense prior to the effective date of H.B. 86.

{¶17} Steinfurth's first assignment of error is overruled.

{¶18} In his second assignment of error, Steinfurth argues he was denied the effective assistance of counsel when counsel failed to request the plea hearing occur after the effective date of H.B. 86. He asserts defense counsel's "failure to make such a motion directly resulted in Mr. Steinfurth being convicted of a felony, rather than a misdemeanor."

{¶19} In order to successfully assert ineffective assistance of counsel under the Sixth Amendment, a defendant must show not only that the attorney made errors so serious that he was not functioning as "counsel," as guaranteed by the Sixth Amendment, but also that the deficient performance was so serious as to deprive defendant of a fair and reliable trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). There are many ways to provide effective assistance in any given case, therefore, scrutiny of counsel's

performance must be highly deferential, and there will be a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*.; *see also*, *Vaughn v. Maxwell*, 2 Ohio St.2d 299, 209 N.E.2d 164 (1965). Counsel, moreover, will not be deemed ineffective for failing to make futile motions. *State v. Parra*, 8th Dist. No. 95619, 2011-Ohio-3977, ¶ 78.

{¶20} As stated earlier, H.B. 86's amendments to R.C. 2913.02 apply to a person who commits an offense specified or penalized under this section *on or after* the effective date of H.B. 86. The amendments also apply to a person to whom division (B) of R.C. 1.58 makes the amendments applicable. Steinfurth would not receive the benefit of a reduced sentence except for the inclusion of R.C. 1.58 in H.B. 86 because he committed the theft on May 4, 2011, and not *on or after* the effective date of H.B. 86, September 30, 2011. Steinfurth received the benefit in sentencing as discussed under his first assignment of error. We, therefore, concluded the trial court correctly convicted Steinfurth of the fifth-degree felony offense of theft. *See State v. Clemons*, 7th Dist. No. 10 BE 7, 2011-Ohio-1177.

{¶21} Defense counsel's request to schedule Steinfurth's plea hearing after the effective date of H.B. 86 would have been futile. The result would have been the same if the plea hearing occurred after H.B. 86's effective date — a conviction for a fifth-degree felony and sentence for a first-degree misdemeanor. The controlling date is the date of the offense, and not the date of the plea hearing. Steinfurth was, therefore, not denied the effective assistance of counsel. *Strickland*; *Parra*.

**{¶22}** Steinfurth's second assignment of error is overruled.

**{¶23}** Steinfurth's convictions and sentence are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

JAMES J. SWEENEY, P.J. and
KATHLEEN ANN KEOUGH, J., CONCUR