[Cite as *State v. Saplak*, 2012-Ohio-4281.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97825

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN J. SAPLAK

DEFENDANT-APPELLANT

---

### JUDGMENT:
### CONVICTION AFFIRMED; SENTENCE VACATED
### AND REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554377

**BEFORE:**   Kilbane, J., Rocco, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   September 20, 2012

**ATTORNEY FOR APPELLANT**

Mark R. Marshall
P.O. Box 451146
Westlake, Ohio 44145

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Erin Stone
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, John Saplak, appeals from his conviction for a felony violation of R.C. 2913.02(A)(1). For the reasons set forth below, we affirm the conviction, vacate his sentence, and remand for resentencing.

{¶2} On September 27, 2011, defendant was indicted by information in connection with events occurring from August 9, 2011 to September 9, 2011. He was charged with one count of theft of property valued between $500 and $5000, in violation of R.C. 2913.02, which was a fifth degree felony at the time the theft occurred, and one count of possessing criminal tools, all with a forfeiture specification.

{¶3} On October 18, 2011, shortly after the effective date of H.B. 86, defendant pled guilty to the theft charge and the remaining charges were dismissed. At this time, the stolen property was identified as $665.20 "worth of beer at Marc's." The matter was set for sentencing on November 17, 2011. Defendant did not appear on this date and a capias was issued. On January 5, 2012, the trial court sentenced defendant to six months of imprisonment and up to three years of postrelease control sanctions. He was also ordered to make restitution.

{¶4} Defendant now appeals, assigning two errors for our review:

ASSIGNMENT OF ERROR ONE

The trial court erred in accepting appellant's guilty plea for theft, a felony of the fifth degree, [because] after the effective date of H.B. 86 the underlying offense [became] misdemeanor.

## ASSIGNMENT OF ERROR TWO

The trial court erred in sentencing appellant to a term of incarceration pursuant to a finding of guilt for F-5 theft that includes a potential for postrelease control pursuant to R.C. 2967.28.

{¶5} In these assignments of error, defendant notes that H.B. 86 amended R.C. 2913.02, and under the current version of the statute, if the value of the stolen merchandise is less than $1,000, then the offense is no longer a fifth degree felony, but instead is a first degree misdemeanor. Since this amendment went into effect before the date of defendant's guilty plea and sentence, defendant argues that he should have been convicted of the first degree misdemeanor offense and not a fifth degree felony, and that the trial court erred in imposing sentence on the fifth degree felony.

{¶6} At the time of the offense to which defendant pled guilty, R.C. 2913.02 provided:

(A)(1) No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * [w]ithout the consent of the owner or person authorized to give consent.

* * *

(B)(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. If the value of the property or services

stolen is five hundred dollars or more and is less than five thousand dollars

* * *, a violation of this section is theft, a felony of the fifth degree. * * *.

{¶7} Effective September 30, 2011, H.B. 86 amended R.C. 2913.02 as follows:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

(1) Without the consent of the owner or person authorized to give consent;

* * *

(2) Except as otherwise provided in this division or division (B)(3), (4), (5), (6), (7), or (8) of this section, a violation of this section is petty theft, a misdemeanor of the first degree. * * * .

{¶8} Section 4 of the enacted legislation provides in pertinent part as follows:

The amendments to sections * * * 2913.02 * * * of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.

{¶9} Therefore, H.B. 86 contains the statement of specific legislative intent that the amendments to R.C. 2913.02 apply to a person who commits an offense specified or penalized under this section on or after the effective date of H.B. 86. *State v. Steinfurth*, 8th Dist. No. 97549, 2012-Ohio-3257, ¶ 14. The amendments also apply to a person to whom division (B) of R.C. 1.58 makes the amendments applicable. *Id*.

{¶10} R.C. 1.58(B) states:

"*If the penalty, forfeiture, or punishment* for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or

punishment, if not already imposed, shall be imposed according to the statute as amended."   (Emphasis added.)

{¶11} Therefore "[w]hen sentencing an offender, Ohio courts must apply the statute in effect at the time the offender committed the offense, unless a statute, enacted after the commission of the offense, but before sentencing, provides for a lesser punishment."   *Steinfurth*, ¶ 13.

{¶12} In this matter, defendant committed the offense during the time period of August 9, 2011 to September 9, 2011, or before the effective date of the changes to R.C. 2913.02.   He entered a guilty plea on October 18, 2011 and was sentenced on January 5, 2012, or after the effective date of H.B. 86.   The new statutory provisions amended R.C. 2913.02 to reduce the offense itself such that it amended the "fifth-degree felony conviction to that of a first-degree misdemeanor."   *Steinfurth*, ¶ 15.   The *Steinfurth* court explained:

> Steinfurth committed a felony offense on May 4, 2011.   He entered a plea of guilty to the felony offense on September 13, 2011.   H.B. 86 went into effect on September 30, 2011.   The trial court sentenced Steinfurth on October 13, 2011.   Because Steinfurth committed the offense prior to H.B. 86's effective date, but was sentenced after the effective date, he was entitled to and received the reduced penalty for a first-degree misdemeanor based on R.C. 1.58 and H.B. 86's amendments to R.C. 2913.02. R.C. 1.58 clearly states that a criminal defendant receives the benefit of a reduced penalty, forfeiture, or punishment.   Contrary to Steinfurth's argument, R.C. 1.58 makes no mention of a criminal defendant receiving the benefit of a lesser or reduced offense itself, here, the benefit of amending Steinfurth's fifth-degree felony conviction to that of a first-degree misdemeanor.
>
> Steinfurth relies on *State v. Burton*, 11 Ohio App.3d 261, 11 Ohio B. 388, 464 N.E.2d 186 (10th Dist.1983) and *State v. Collier,* 22 Ohio App.3d 25, 22 Ohio B. 100, 488 N.E.2d 887 (3rd Dist.1984) in support of his argument he was entitled to the benefit of amending his conviction from a felony to a

misdemeanor. These cases, however, clearly support the conclusion that R.C. 1.58, as applied here, only required the trial court to sentence Steinfurth for a first-degree misdemeanor pursuant to the amendments to R.C. 2913.02. The trial court correctly concluded the theft offense conviction remained a fifth-degree felony because Steinfurth committed the offense prior to the effective date of H.B. 86.

{¶13} That reasoning is fully applicable herein. In this matter, defendant committed the offense prior to H.B. 86's effective date, but he entered his guilty plea and was sentenced after the effective date. Therefore, under H.B. 86's amendments to R.C. 2913.02, the legislature stated its intent that the amendments to R.C. 2913.02 apply to a person who commits an offense specified or penalized under this section on or after the effective date of H.B. 86. Further, R.C. 1.58 does not provide for a defendant to receive the benefit of a lesser or reduced offense, so the defendant is not entitled to the amendment of the fifth degree felony conviction to a first degree misdemeanor. The first assignment of error is therefore without merit.

{¶14} Nonetheless, in accordance with the principles outlined above, the penalty, forfeiture, or punishment for the offense has changed because theft in this matter is now a first degree misdemeanor and not a fifth degree felony. Under R.C. 1.58, defendant is entitled to receive the reduced penalty for a first degree misdemeanor based on R.C. 1.58 and H.B. 86's amendments to R.C. 2913.02. *Steinfurth.* Defendant, therefore, is not subject to postrelease control, which applies to felony convictions. *See* R.C. 2967.28. Accordingly, the trial court erred by imposing a term of postrelease control in this matter. The second assignment of error is well taken.

**{¶15}** Defendant's conviction is affirmed, but we vacate his sentence and remand for resentencing.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

KENNETH A. ROCCO, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR