[Cite as *State v. Arnold*, 2012-Ohio-5786.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25044 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 11-CR-1047 |
| v. | : | |
| | : | |
| STEVEN L. ARNOLD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day of December, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

ADELINA E. HAMILTON, Atty. Reg. #0078595, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant the State of Ohio appeals, pursuant to R.C. 2945.67, from a judgment convicting and sentencing defendant-appellee Steven Arnold. The State contends

that the trial court erred by convicting Arnold of a fourth-degree felony rather than a third-degree felony. According to the State, Arnold was entitled, by virtue of 2011 Am.Sub.H.B. No. 86, to the benefit of a lesser sentence associated with a felony of the fourth degree, but he was not entitled to a reclassification of his offense to one of a lesser degree of felony.

{¶ 2} We conclude that the trial court correctly sentenced Arnold for a felony of the fourth degree. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3} Steven Arnold was arrested for possession of between five and ten grams of crack cocaine. In May 2011, a Montgomery County Grand Jury indicted Arnold on one count of Possession of Cocaine in an amount equaling or exceeding five grams, but less than ten grams, a third-degree felony in violation of R.C. 2925.11(A). Arnold pled guilty.

{¶ 4} In January 2012, the trial court sentenced Arnold to eighteen months in prison and suspended his driver's license for six months. In the judgment of conviction and sentence, the trial court identified Arnold's violation of R.C. 2925.11(A) as a fourth-degree felony. From this judgment, the State appeals.

## II. 2011 Am.Sub.H.B. No. 86 Reduced Arnold's Penalty To A Fourth-Degree Felony

{¶ 5} The State's assignment of error is as follows:

ARNOLD MAY HAVE BEEN ENTITLED UNDER H.B. 86 TO THE BENEFIT OF A SENTENCE ASSOCIATED WITH A FELONY OF THE

FOURTH DEGREE. BUT IT DID NOT ENTITLE HIM TO RECLASSIFICATION OF HIS OFFENSE TO ONE OF A LESSER DEGREE.

{¶ 6} On June 29, 2011, the governor signed into law 2011 Am.Sub.H.B. No. 86 ("H.B.86"). As summarized by the Ohio Legislative Service Commission, H.B. 86:

> "[e]liminate[d] the distinction between the criminal penalties provided for drug offenses involving crack cocaine and those offenses involving powder cocaine, provide[d] a penalty for all such drug offenses involving any type of cocaine that generally has a severity that is between the two current penalties, and also revise[d], in specified circumstances regarding an offender who is guilty of 'possession of cocaine,' the specified statutory rules to use in determining whether to impose a prison term on the offender." * * * Specifically, H.B. 86 deleted the term "crack cocaine" from the statutory scheme. *State v. Limoli*, 10th Dist. Franklin No. 11AP-924, 2012-Ohio-4502, ¶ 51 (Citation omitted.)

{¶ 7} Prior to the effective date of H.B. 86, a defendant (like Arnold) convicted of possessing an amount of crack cocaine exceeding five grams, but less than ten grams, was guilty of a felony of the third degree and faced a mandatory prison term. *See* former R.C. 2925.11(C)(4)(c). H.B. 86 amended R.C. 2925.11(C)(4) to provide:

> If the drug involved in the violation is cocaine or a compound, mixture, preparation, or substance containing cocaine, whoever violates division (A) of this section is guilty of possession of cocaine. The penalty for the offense shall

be determined as follows:

    * * *

    (b) If the amount of the drug involved equals or exceeds five grams but is less than ten grams of cocaine, possession of cocaine is a felony of the fourth degree, and division (B) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.

{¶ 8} H.B. 86 became effective on September 30, 2011. The General Assembly expressly provided in H.B. 86 when the amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable."

{¶ 9} R.C. 1.58(B) identifies which law to apply when a statute is amended after the commission of a crime, but before sentence is imposed: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 10} The State concedes that Arnold is entitled to the lesser sentence made applicable through the application of H.B. 86 and R.C. 1.58(B). In other words, the State concedes that the amendments in H.B. 86 apply to Arnold and that he is entitled to receive the lesser sentence for a fourth-degree felony rather than the sentence for a third-degree felony. However, the State contends that Arnold is not entitled to have his "offense" reduced from a third-degree felony (pre-H.B. 86) to a fourth-degree felony (post-H.B. 86). We do not agree.

{¶ 11} The State relies on *State v. Steinfurth*, 8th Dist. Cuyahoga No. 97549, 2012-Ohio-3257. In *Steinfurth*, at ¶ 15-16, the Eighth District Court of Appeals held, in part:

Because Steinfurth committed the offense prior to H.B. 86's effective date, but was sentenced after the effective date, he was entitled to and received the reduced penalty for a first-degree misdemeanor based on R.C. 1.58 and H.B. 86's amendments to R.C. 2913.02. R.C. 1.58 clearly states that a criminal defendant receives *the benefit of a reduced penalty, forfeiture, or punishment.* Contrary to Steinfurth's argument, R.C. 1.58 makes no mention of a criminal defendant *receiving the benefit of a lesser or reduced offense* itself, here, the benefit of amending Steinfurth's fifth-degree felony conviction to that of a first-degree misdemeanor.

Steinfurth relies on *State v. Burton*, 11 Ohio App.3d 261, 464 N.E.2d 186 (10th Dist.1983) and *State v. Collier*, 22 Ohio App.3d 25, 488 N.E.2d 887 (3rd Dist.1984) in support of his argument he was entitled to the benefit of amending his conviction from a felony to a misdemeanor. These cases, however, clearly support the conclusion that R.C. 1.58, as applied here, only required the trial court to *sentence* Steinfurth for a first-degree misdemeanor pursuant to the amendments to R.C. 2913.02. The trial court correctly concluded the theft offense conviction remained a fifth-degree felony because Steinfurth committed the offense prior to the effective date of H.B. 86. (Emphasis sic.)

{¶ 12} *Steinfurth* was decided July 19, 2012. Eleven days later, on July 30, 2012, the Fifth District Court of Appeals issued its decision in *State v. Gillespie*, 2012-Ohio-3485,

975 N.E.2d 492 (5th Dist.). In *Gillespie*, the State conceded that the defendant was correct that the new value provisions for theft became effective on September 30, 2011, and that R.C. 1.58 would appear to indicate that the defendant was entitled to the "misdemeanor sanctions" rather than sanctions for a felony. However, the State argued that the defendant was not entitled to have the theft offense "reclassified as a misdemeanor." *Id.* at ¶ 8. The *Gillespie* court rejected the State's argument and held, at ¶ 14-16:

> In its simplest form, to constitute a theft offense it need only be proven that some property of value has been taken. R.C. 2913.02 does not require the indictment to allege, or the evidence to establish, any particular value of the property taken. The offense of theft therein defined is complete and the offender becomes guilty of theft without respect to the value of the property or services involved. However, it becomes necessary to prove the value of the property taken, and likewise necessary that the jury find the value and state it in the verdict in order to measure the penalty. "Therefore, in such case, the verdict must find the value to enable *the court to administer the appropriate penalty*." *State v. Whitten*, 82 Ohio St. 174, 182, 92 N.E.2d 79(1910). (Emphasis added).

> The amendment to R.C. 2913.02 raising the line of demarcation from five hundred dollars to one thousand dollars relates only to the penalty. 2011 Am.Sub.H.B. No. 86 operates, when the value of the property stolen falls between these two limitations, to reduce the penalty from that prescribed for a felony of the fifth degree to that prescribed for a misdemeanor of the first

degree. Accordingly, the amendment comes within the provisions of R.C. 1.58(B), requiring, in the instant case, that the amendment be applied, and that the penalty be imposed according to the amendment. That penalty is a misdemeanor offense with a misdemeanor sentence not a felony offense with a misdemeanor sentence. Several cases have applied R.C. 1.58(B) to situations in which the defendants committed theft offenses prior to, but were sentenced after, the effective date of legislation which reduced their offenses from felonies to misdemeanors. *State v. Collier*, 22 Ohio App.3d 25, 27, 488 N.E.2d 887(1984); *State v. Coffman*, 16 Ohio App.3d 200, 475 N.E.2d 139(1984); *State v. Burton*, 11 Ohio App.3d 261, 464 N.E.2d 186(1983).

Recently, the United States Supreme Court held that the more lenient penalties of the Fair Sentencing Act, which reduced the crack-to-powder cocaine disparity, applied to those offenders whose crimes preceded the effective date of the Act, but who were sentenced after that date. *Dorsey v. United States,* 567 U.S.__, 132 S.Ct. 2321, 2332 (June 21, 2012). Although the Court interpreted the federal statutory scheme, which is somewhat different from the one presently under consideration in the case at bar, we share the Court's concern that,

[A]pplying the 1986 Drug Act's old mandatory minimums to the post-August 3 sentencing of pre-August 3 offenders would create disparities of a kind that Congress enacted the Sentencing Reform Act and the Fair Sentencing Act to prevent. Two individuals with the same number of prior

offenses who each engaged in the same criminal conduct involving the same amount of crack and were sentenced at the same time would receive radically different sentences.

    \* \* \*

Moreover, unlike many prechange/postchange discrepancies, the imposition of these disparate sentences involves roughly contemporaneous sentencing, *i.e.,* the same time, the same place, and even the same judge, thereby highlighting a kind of unfairness that modern sentencing statutes typically seek to combat . . . 567 U.S.__, 132 S.Ct. at 2333, 183 L.Ed.2d 250. The same is true in this case. Two individuals accused of the same conduct could be treated differently and receive different sentences, one a felony and one a misdemeanor, after the amendments had become effective even though both were sentenced on the same date. We find no strong countervailing considerations between pre-amendment offenders such as Gillespie sentenced after September 30, 2011 and post-amendment offenders that make a critical difference to require them to be treated differently.

{¶ 13} We find the reasoning expressed in *Gillespie* more persuasive than the reasoning in *Steinfurth,* and more consistent with the plain language of H.B. 86. We conclude that it would be illogical to sentence a defendant for a felony of the fourth degree while at the same time identifying his offense as a felony of the third degree. Doing so would likely lead to the type of disparities that the United States Supreme Court cautioned against in *Dorsey*. Furthermore, in *State v. Knight*, Montgomery C.P. No. 2011-CR-1202 (October

31, 2011), Judge Dennis Langer explained additional problems with adopting the State's position. Judge Langer wrote:

> The State argues that the "classification" of an offense is entirely separate from its "punishment" and, therefore, R.C. 1.58(B) does not apply. This Court is not persuaded. The mere classification of an offense may have punitive implications, as can be illustrated by two examples:
>
> First example: R.C. 2929.13(F)(6) requires a mandatory prison term for an F1 and F2 if the defendant previously was convicted [of] an F1 or F2. Prior to H.B. 86, Possession of Cocaine (10 to 25 grams crack cocaine) was an F2. It now becomes an F3. Thus, the decision to classify this offense as an F2 or F3 is critical, because it will impact in a significant manner the criminal punishment imposed on the defendant in the future in the event he is convicted of another F1 or F2.
>
> Second example: R.C. 2929.13(B)(1)(a), enacted by H.B. 86, mandates community control sanctions ("CCS") for certain nonviolent F4s and F5s if the defendant previously has not been convicted of a felony offense. Prior to H.B. 86, Theft ($500 or more) was an F5. It now becomes a misdemeanor of the first degree (if the amount is less than $1,000). Thus, the decision to classify this offense as felony or a misdemeanor may determine whether the defendant is entitled to CCS in the future in the event he is convicted of a nonviolent F4 or F5.

{¶ 14} Finally, we are mindful that "* * * sections of the Revised Code defining

offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." R.C. 2901.04(A). To adopt the construction urged by the State, we would have to liberally construe R.C. 2925.11 in favor of the State, contrary to the command of R.C. 2901.04(A).

{¶ 15} The State's assignment of error is overruled.


### III. Conclusion

{¶ 16} The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Adelina E. Hamilton
Hon. Gregory F. Singer