[Cite as *State v. Wilson*, 2012-Ohio-5912.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO

    Plaintiff-Appellant

v.

JENNIFER WILSON

    Defendant-Appellee

:
:    Appellate Case No. 25057
:
:    Trial Court Case No. 11-CR-2817
:
:
:    (Criminal Appeal from
:     Common Pleas Court)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of December, 2012.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellant

ADELINA E. HAMILTON, Atty. Reg. #0078595, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Plaintiff-appellant the State of Ohio appeals, pursuant to R.C. 2945.67, from a judgment convicting and sentencing defendant-appellee Jennifer Wilson. The State contends

that the trial court erred by convicting Wilson of a first-degree misdemeanor rather than a fifth-degree felony. According to the State, Wilson was entitled, by virtue of 2011 Am.Sub.H.B. No. 86, to the benefit of a lesser sentence associated with a misdemeanor of the first degree, but she was not entitled to a reclassification of her offense from a felony to a misdemeanor.

{¶ 2}    Based on our recent decision in *State v. Arnold*, 2d Dist. Montgomery No. 25044, 2012-Ohio-5786, we conclude that the trial court correctly sentenced Wilson for a misdemeanor of the first degree. Accordingly, the judgment of the trial court is Affirmed.

## I. Course of the Proceedings

{¶ 3}    Jennifer Wilson committed a theft offense during the Summer of 2011. On November 8, 2011, a Montgomery County Grand Jury indicted Wilson on one count of Theft of property having a value of $500 or more in violation of R.C. 2913.02(A)(1), a felony of the fifth degree. Wilson pled guilty.

{¶ 4}    In January 2012, the trial court sentenced Wilson to community control sanctions for a period not to exceed five years. In the amended judgment of conviction and sentence, the trial court identified Wilson's violation of R.C. 2913.02(A)(1) as a first-degree misdemeanor. From this judgment, the State appeals.

## II. 2011 Am.Sub.H.B. No. 86 Reduced Wilson's Penalty To A Misdemeanor

{¶ 5}    The State's assignment of error is as follows:

H.B. 86 ENTITLED WILSON TO THE BENEFIT OF A SENTENCE

ASSOCIATED WITH A MISDEMEANOR OF THE FIRST DEGREE, BUT IT DID NOT ENTITLE HER TO RECLASSIFICATION OF HER OFFENSE FROM A FELONY TO A MISDEMEANOR.

{¶ 6}    On June 29, 2011, the governor signed into law 2011 Am.Sub.H.B. No. 86 ("H.B.86").  Prior to the effective date of H.B. 86, a defendant (like Wilson) convicted of Theft of property having a value of five hundred dollars or more was guilty of violating R.C. 2913.02(A)(1), a felony of the fifth degree.  *See* former R.C. 2913.02(B)(2).  H.B. 86 amended R.C. 2913.02 to provide that a person (like Wilson) convicted of Theft of property having a value of less than one thousand dollars is guilty of committing a misdemeanor of the first degree.  R.C. 2913.02(B)(2).

{¶ 7}    H.B. 86 became effective on September 30, 2011.  The General Assembly expressly provided in H.B. 86 when the amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable."

{¶ 8}    R.C. 1.58(B) identifies which law to apply when a statute is amended after the commission of a crime, but before sentence is imposed:  "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 9}    The State concedes that Wilson is entitled to the lesser sentence made applicable through the application of H.B. 86 and R.C. 1.58(B).  In other words, the State

concedes that the amendments in H.B. 86 apply to Wilson and that she is entitled to receive the lesser sentence for a first-degree misdemeanor rather than the sentence for a fifth-degree felony. However, the State contends that Wilson is not entitled to have her "offense" reduced from a fifth-degree felony (pre-H.B. 86) to a first-degree misdemeanor (post-H.B. 86). We do not agree.

{¶ 10} We recently rejected an identical argument by the State in *State v. Arnold*, 2d Dist. Montgomery No. 25044, 2012-Ohio-5786. Based on our holding in *Arnold*, we reject the State's argument in the present case. *Accord State v. David*, 5th Dist. Licking No. 11-CA-110, 2012-Ohio-3984, ¶ 15 (affirming the trial court's reduction of the defendant's charges for theft and passing bad checks from fifth-degree felonies to first-degree misdemeanors based on H.B. 86 and R.C. 1.58).

{¶ 11} The State's assignment of error is overruled.


### III. Conclusion

{¶ 12} The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Adelina E. Hamilton
Hon. Frances E. McGee