[Cite as *State v. Anderson*, 2013-Ohio-295.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25114 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No.   11-CR-1118 |
| v. | : | |
| | : | |
| DWIGHT ANDERSON | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 1st day of February, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ADELINA E. HAMILTON, Atty. Reg. #0078595, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

FAIN, P.J.

    {¶ 1}   The State of Ohio, plaintiff-appellant, appeals from a judgment of the trial

court convicting defendant-appellant Dwight D. Anderson of Possession of Crack Cocaine in an amount equal to or exceeding one gram, but less than five grams, in violation of R.C. 2925.11(A), and sentencing him to six months in prison and a six-month driver's license suspension for a felony of the fifth degree. Anderson committed the offense before the effective date Am.Sub.H.B.86, 2011 Ohio Laws 29, but was sentenced after the effective date of the statute. The State contends that although Anderson was entitled to the reduction in the sentence that could be imposed resulting from the new statute, he was not entitled to a reduction in the degree of the offense, under the new statute, from a fourth-degree felony to a fifth-degree felony.

{¶ 2}     We conclude that by reason of R.C. 1.58(B), Anderson was entitled to the new statute's reduction in the degree of the offense from a fourth-degree felony to a fifth-degree felony, in addition to being entitled to the new statute's reduction in the penalty for the offense. Accordingly the trial court did not err in sentencing Anderson for a fifth-degree felony, and the judgment of the trial court is Affirmed.

## I.   The Course of Proceedings

{¶ 3}     Anderson was charged by indictment with having possessed between one and five grams of crack cocaine on March 22, 2011. At the time he allegedly committed the offense, and at the time he was indicted, possession of that amount of crack cocaine was a felony of the fourth degree, punishable by a prison term of an integral number of months ranging from six months to eighteen months.

{¶ 4}     Anderson pled guilty, and was sentenced, on February 27, 2012, after the

effective date of H.B. 86. Under the new law, possession of from one to five grams of crack cocaine was made a felony of the fifth degree, punishable by imprisonment for an integral number of months ranging from six months to twelve months. R.C. 2925.11(C)(4)(a), R.C. 2929.14(A)(4).

{¶ 5} The trial court, noting that H.B. 86 applied, found Anderson guilty, pursuant to his guilty plea, of Possession of Crack Cocaine in an amount less than five grams, but equal to or exceeding one gram, a felony of the fifth degree, and sentenced him to six months imprisonment.

{¶ 6} From the judgment, the State appeals.

**II. Following *State v. Arnold* and *State v. Wilson*, Two Recent Decisions of this Court, We Conclude that the Trial Court Did Not Err in Sentencing Anderson for a Felony of the Fifth Degree**

{¶ 7} The State's sole assignment of error is as follows:

H.B. 86 ENTITLED ANDERSON TO THE BENEFIT OF A SENTENCE ASSOCIATED WITH A FELONY OF THE FIFTH DEGREE, BUT IT DID NOT ENTITLE HIM TO RECLASSIFICATION OF HIS OFFENSE TO ONE OF A LESSER DEGREE.

{¶ 8} R.C. 1.58(B) provides as follows:

If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended.

{¶ 9} The State recognizes that R.C. 1.58(B) has the effect in this case of requiring that Anderson receive the benefit of the reduction in the severity of the sentence that could be imposed for his offense – that is, the length of his incarceration for the offense. Before H.B. 86, the maximum term for which Anderson could be incarcerated was eighteen months; after H.B. 86, that maximum term has been reduced to twelve months. Obviously, the term imposed – six months – is less than either maximum.

{¶ 10} The State contends that R.C. 1.58(B) does not reduce the degree of the offense to which Anderson pled guilty and for which he was sentenced. Before H.B. 86, the degree of the offense was a fourth-degree felony. After H.B. 86, it is a fifth-degree felony. But because Anderson committed his offense before the effective date of H.B. 86, the State argues that he should be sentenced as a fourth-degree felon, for a fourth-degree felony, even though he cannot be sentenced to a term of incarceration longer than that permitted under the new law.

{¶ 11} This same issue was raised and addressed in two recent decisions of this court: *State v. Arnold*, 2d Dist. Montgomery No. 25044, 2012-Ohio-5786; and *State v. Wilson*, 2d Dist. Montgomery No. 25057, 2012-Ohio-5912. In both of those cases, we held that by operation of R.C. 1.58(B), a defendant who commits an offense before the effective date of H.B. 86, but is sentenced after its effective date, is entitled not only to the benefit of the reduction in the sentence that can be imposed as a result of the statute, but also to reduction in the degree of the offense. In other words, if, as here, H.B. 86 reduces the degree of the offense from a fourth-degree felony to a fifth-degree felony, then the defendant, being sentenced after the effective date of H.B. 86, is entitled to be sentenced for a fifth-degree felony.

{¶ 12} We recognize that other appellate districts have decided this issue differently. *State v. Taylor*, 9th Dist. Summit No. 26279, 2012-Ohio-5403; *State v. Steinfurth*, 8th Dist.

Cuyahoga No. 97549, 2012-Ohio-3257; and *State v. Saplak*, 8th Dist. No. 97825, 2012-Ohio-4281. We are not persuaded that we should decline to follow our decisions in *State v. Arnold* and *State v. Wilson*. Accordingly, following our recent jurisprudence, we hold that Anderson was entitled to be sentenced for a fifth-degree felony, and the trial court did not err in doing so.

{¶ 13} The State's sole assignment of error is overruled.

### III. Conclusion

{¶ 14} The State's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and FROELICH, JJ., concur.


Copies mailed to:

Mathias H. Heck
Kirsten A. Brandt
Adelina E. Hamilton
Hon. Timothy N. O'Connell