[Cite as *State v. Jenkins*, 2013-Ohio-3038.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 25414 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-CR-483 |
| v. | : | |
| | : | |
| NICHOLAS S. JENKINS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 12th day of July, 2013.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by KIRSTEN A. BRANDT, Atty. Reg. #0070162, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ADELINA E. HAMILTON, Atty. Reg. #0078595, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
        Attorney for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.,

{¶ 1}     The State of Ohio appeals from the trial court's judgment entry convicting and sentencing appellee Nicholas S. Jenkins on one count of receiving stolen property as a

first-degree misdemeanor pursuant to the H.B. 86 version of R.C. 2913.51(A).

{¶ 2}   In its sole assignment of error, the State contends H.B. 86 entitled Jenkins to the benefit of *a sentence* associated with a first-degree misdemeanor, not to reclassification of *his offense* from a fifth-degree felony to a first-degree misdemeanor.

{¶ 3}   Based on the dollar value of the stolen property Jenkins received, H.B. 86 made his offense a first-degree misdemeanor rather than a fifth-degree felony. This legislation took effect September 30, 2011. The General Assembly expressly provided in H.B. 86 when its amendments were to be applicable: "The amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58(B) of the Revised Code makes the amendments applicable." In turn, R.C. 1.58(B) identifies the law to apply when a statute is amended after the commission of a crime but before sentencing: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 4}   Here Jenkins committed his offense before the effective date of H.B. 86, but he was sentenced after the effective date. Under these circumstances, the State concedes he is entitled to a sentence associated with a first-degree misdemeanor. The State argues, however, that he is not entitled to have his actual offense reduced from a fifth-degree felony to a first-degree misdemeanor. This court rejected an identical argument in *State v. Anderson*, 2d Dist. Montgomery No. 25114, 2013-Ohio-295, *State v. Wilson*, 2d Dist. Montgomery No. 25057, 2012-Ohio-5912, and *State v. Arnold*, 2d Dist. Montgomery No. 25044, 2012-Ohio-5786.

Although other Ohio appellate courts have reached different conclusions,[1] several have also agreed with our resolution of the issue. *See*, *e.g.*, *State v. Boltz*, 6th Dist. Wood No. WD-12-012, 2013-Ohio-1830, ¶12 (citing cases). The Ohio Supreme Court has certified a conflict to resolve the issue. See *State v. Taylor*, 134 Ohio St.3d 1466, 2013-Ohio-553, 983 N.E.2d 366.

**{¶ 5}** The State urges us to reconsider *Anderson*, *Wilson*, and *Arnold*, but as we did earlier this year in *Anderson*, we reject the State's request to reconsider our existing jurisprudence. On the authority of *Anderson*, *Wilson*, and *Arnold*, the State's assignment of error is overruled.

**{¶ 6}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

FAIN, P.J., and DONOVAN, J., concur.

Copies mailed to:

Kirsten A. Brandt
Mathias H. Heck
Adelina E. Hamilton
Hon. Dennis J. Langer

---

[1] If deciding the issue in the first instance, the author would agree with the reasoning in Judge Dickinson's lead opinion of *State v. Taylor*, 9th Dist. Summit No. 26279, 2012–Ohio–5403. But stare decisis requires the result we reach here.