[Cite as *In re Forfeiture of Property of Astin*, 2018-Ohio-1723.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | |
|---|---|
| IN RE: FORFEITURE OF PROPERTY OF: NYKIHA ASTIN, et al. | : : : Appellate Case No. 27657 : : Trial Court Case No. 2016-CV-2308 : : (Civil Appeal from : Common Pleas Court) : : |

. . . . . . . . . .

O P I N I O N

Rendered on the 4th day of May, 2018.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ADAM M. LAUGLE, Atty. Reg. No. 0092013, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellant

ANTHONY R. CICERO, Atty. Reg. No. 0065408, 500 East Fifth Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellee-Tony Sanders

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Petitioner-appellant, the State of Ohio, appeals from the decision of the Montgomery County Court of Common Pleas dismissing a civil forfeiture action against respondent-appellee, Tony Sanders, after finding that the State failed to state a claim upon which relief can be granted. In support of its appeal, the State contends that the trial court erred in dismissing the forfeiture action because the dismissal was based on the trial court's improper retroactive application of R.C. 2981.05, the civil forfeiture statute. For the reasons outlined below, the judgment of the trial court dismissing the State's forfeiture action will be reversed and the matter will be remanded for further proceedings.

**Facts and Course of Proceedings**

{¶ 2} On May 6, 2016, the State filed a petition for civil forfeiture of property pursuant to R.C. 2981.05 against the following five individuals: Nykiha D. Astin, Steviona L. Blackshear, Tony D. Sanders, Demetrius M. Howard, and Marvin R. Gaines. In filing the petition, the State sought to seize various sums of money from each individual totaling $14,371. The State alleged in its petition that the money was seized by the Dayton Police Department and that it was contraband, proceeds, and/or an instrumentality used or intended be used in the commission of possessing and trafficking drugs.

{¶ 3} Unlike the other respondents who simply filed answers to the petition, on June 7, 2016, respondent Sanders filed a 12(B)(6) motion to dismiss the forfeiture action on grounds that the State failed to state essential facts necessary to support its forfeiture claim. On November 8, 2016, the trial court issued a written decision overruling Sanders' motion to dismiss. Shortly thereafter, Sanders filed an answer to the State's petition, in

which he generally asserted that the State failed to state a claim upon which relief can be granted.

{¶ 4} Following the responsive pleadings, the matter was scheduled for a forfeiture hearing on April 7, 2017, which was continued to June 2, 2017. As the forfeiture hearing date neared, three of the five respondents, Gaines, Howard, and Astin, settled the matter with the State and had their claims dismissed. Respondent Sanders, however, filed another motion to dismiss on May 3, 2017.

{¶ 5} In his second motion to dismiss, Sanders contended that the State's petition failed to state a claim upon which relief could be granted due to recent changes in the law governing forfeiture. The changes Sanders referred to were those precipitated by Sub. H.B. No. 347, which became effective April 6, 2017, and substantially modified the statutes governing criminal and civil asset forfeiture.

{¶ 6} As relevant to this case, Sub. H.B. No. 347 modified the civil forfeiture statute, R.C. 2981.05, to include the following language:

> [T]he state may file a civil forfeiture action, in the form of a civil action, against any person who is alleged to have received, retained, possessed, or disposed of proceeds, *in an amount exceeding fifteen thousand dollars*, knowing or having reasonable cause to believe that the proceeds were allegedly derived from the commission of an offense subject to forfeiture proceedings in violation of section 2927.21 of the Revised Code. * * *

(Emphasis added.) R.C. 2981.05(D)(1).

{¶ 7} In light of these changes to the civil forfeiture statute, Sanders contended that the State no longer had a viable forfeiture claim against him because amended R.C.

2981.05 provides that a prosecuting attorney may only seek funds in excess of $15,000. Since the State's petition only sought forfeiture of $14,371 ($3,027 of which was attributable to Sanders), Sanders argued that the State no longer had a claim upon which relief could be granted.

{¶ 8} Sanders further argued that the retroactive application of amended R.C. 2981.05 was permissible pursuant to R.C. 1.58(B), which provides that: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." The trial court agreed with Sanders' reasoning and granted his motion to dismiss the civil forfeiture action against him and the other remaining respondent, Blackshear.

{¶ 9} The State now appeals from the trial court's decision, raising a single assignment of error for review.

**Assignment of Error**

{¶ 10} Under its sole assignment of error, the State contends that the trial court erred in granting Sanders' Civ.R. 12(B)(6) motion to dismiss. Specifically, the State claims that the dismissal of the civil forfeiture action was in error because it was based on the trial court's improper retroactive application of amended R.C. 2981.05.

{¶ 11} "In order to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, after all factual allegations are presumed true and all reasonable inferences are made in favor of the nonmoving party, it must appear beyond doubt from the complaint that the relator/plaintiff can prove no set of facts

warranting relief." (Citation omitted.) *State ex rel. Neff v. Corrigan*, 75 Ohio St.3d 12, 14, 661 N.E.2d 170 (1996). Decisions granting Civ.R. 12(B)(6) motions to dismiss are reviewed using a de novo standard. (Citation omitted.) *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. "*De novo* review requires that we review the trial court's decision independently and without deference to it." (Emphasis sic.) (Citation omitted.) *Brewer v. Cleveland Bd. of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997).

{¶ 12} As previously noted, the trial court found that the State failed to state a claim upon which relief could be granted as a result of applying the amended version of R.C. 2981.05 that took effect on April 6, 2017. It is undisputed that amended R.C. 2981.05 sets forth a $15,000 threshold for civil forfeiture actions against persons alleged to have received, retained or possessed proceeds derived from a criminal offense. Accordingly, the State is now prevented from pursuing civil forfeiture against such persons in an amount less than $15,000. The question we are presented with is whether the retroactive application of that statutory provision was appropriate.

{¶ 13} "Section 28, Article II of the Ohio Constitution prohibits the General Assembly from passing retroactive laws and protects vested rights from new legislative encroachments." *Bielat v. Bielat*, 87 Ohio St.3d 350, 352, 721 N.E.2d 28 (2000), citing *Vogel v. Wells*, 57 Ohio St.3d 91, 99, 566 N.E.2d 154 (1991). "The retroactivity clause nullifies those new laws that 'reach back and create new burdens, new duties, new obligations, or new liabilities not existing at the time [the statute becomes effective].' " *Id.* at 352-353, quoting *Miller v. Hixson*, 64 Ohio St. 39, 51, 59 N.E. 749 (1901).

{¶ 14} Retroactivity, however, is not always forbidden by Ohio law. *Id.* at 353.

"Though the language of Section 28, Article II of the Ohio Constitution provides that the General Assembly 'shall have no power to pass retroactive laws,' Ohio courts have long recognized that there is a crucial distinction between statutes that merely apply retroactively (or 'retrospectively') and those that do so in a manner that offends our Constitution." *Id.*, citing *Rairden v. Holden*, 15 Ohio St. 207, 210-211 (1864); *State v. Cook*, 83 Ohio St.3d 404, 410, 700 N.E.2d 570 (1998).

{¶ 15} "The test for unconstitutional retroactivity requires the court first to determine whether the General Assembly expressly intended the statute to apply retroactively." *Bielat* at 353, citing R.C. 1.48, *Cook* at 410, and *Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100, 522 N.E.2d 489 (1988), paragraph one of the syllabus. "If so, the court moves on to the question of whether the statute is substantive, rendering it *unconstitutionally* retroactive, as opposed to merely remedial." (Emphasis sic.) *Id.*, citing *Cook* at 410-411. "A substantive statute is one that 'impairs vested rights, affects an accrued substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.' " *Smith v. Smith*, 109 Ohio St.3d 285, 2006-Ohio-2419, 847 N.E.2d 414, ¶ 6, quoting *Bielat* at 354 (Other citations omitted.) Thus, "[a] statute that applies retroactively and that is substantive violates Section 28, Article II of the Ohio Constitution." *Id.*, citing *Bielat* at 353.

{¶ 16} The "inquiry into whether a statute may constitutionally be applied retrospectively continues only after a threshold finding that the General Assembly expressly intended the statute to apply retrospectively." *Bielat*, 87 Ohio St.3d at 353, 721 N.E.2d 28, citing *Cook* at 410 and *Van Fossen*. Pursuant to the rule of statutory construction in R.C. 1.48, "a statute is presumed to be prospective in its operation unless

expressly made retrospective." Therefore, "if the statute is silent on the question of its retroactive application, we must apply it prospectively only." *Hyle v. Porter*, 117 Ohio St.3d 165, 2008-Ohio-542, 882 N.E.2d 899, ¶ 10, citing *Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 40.

{¶ 17} "In order to overcome the presumption that a statute applies prospectively, a statute must 'clearly proclaim' its retroactive application." *Id.*, quoting *State v. Consilio*, 114 Ohio St.3d 295, 2007-Ohio-4163, 871 N.E.2d 1167, paragraph one of the syllabus. "Text that supports a mere inference of retroactivity is not sufficient to satisfy this standard; we cannot infer retroactivity from suggestive language." *Id.* "Moreover, the General Assembly is presumed to know that it must include expressly retroactive language to create that effect[.]" (Footnote omitted.) *Consilio* at ¶ 15.

{¶ 18} The State argues that the General Assembly did not expressly indicate that the recent amendments to Chapter 2981 of the Revised Code were intended to apply retroactively, and thus, pursuant to R.C. 1.48, the amendments are presumed to apply prospectively. On the other hand, Sanders contends that the rule of statutory construction set forth in R.C. 1.58(B) amounts to an express intention by the legislature to permit the retroactive application of R.C. 2981.05.

{¶ 19} As previously noted, R.C. 1.58(B) provides that: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended." R.C. 1.58(B) does not apply "if the result would be to alter the nature of the offense of which the defendant has been convicted." *State v. Gatewood*, 2d Dist. Clark No. 2012-CA-12, 2012-Ohio-4181, ¶ 13, citing *State v. Kaplowitz*, 100 Ohio

St.3d 205, 2003-Ohio-5602, 797 N.E.2d 977, ¶ 29. Therefore, "to determine if R.C. 1.58(B) applies, a court must consider whether (1) the penalty, forfeiture, or punishment has already been imposed, (2) the offense of which the defendant was convicted was the same offense both before and after the adoption of the amendments, and (3) the penalty, forfeiture, or punishment for the offense was reduced by the amendments." (Citation omitted.) *State v. Allen*, 2014-Ohio-1806, 10 N.E.3d 192, ¶ 10 (10th Dist.).

**{¶ 20}** In light of the foregoing principles, we are not persuaded that R.C. 1.58(B) applies to this case. The text of R.C. 1.58(B) and the principles used to determine its application all indicate that R.C. 1.58(B) applies in situations where a defendant commits an offense and "the penalty, forfeiture, or punishment" for that offense is thereafter reduced by amendment before the defendant is sentenced. *See Kaplowitz* at ¶ 8; ("R.C. 1.58(B) identifies which law to apply when a statute is amended after the commission of a crime, but before sentence is imposed"). *Accord State v. Arnold*, 2012-Ohio-5786, 984 N.E.2d 364, ¶ 9 (2d Dist.), *aff'd*, 140 Ohio St.3d 1433, 2014-Ohio-4160, 16 N.E.3d 678; *State v. Jenkins*, 2d Dist. Montgomery No. 25414, 2013-Ohio-3038, ¶ 3. In contrast, this case involves a civil forfeiture proceeding where the prosecutor initiates a civil action to obtain the forfeiture of property that was involved in criminal activity. To that end, the prosecutor is required to prove by clear and convincing evidence[1] that the property at issue is subject to forfeiture under R.C. 2981.02 because the property meets the definition of contraband, proceeds, or an instrumentality. R.C. 2981.05(H). The respondent in a civil forfeiture proceeding is not sentenced for an offense. *See State v. Harris*, 132 Ohio

---

[1]The version of R.C. 2981.05 in effect prior to the passing of Sub. H.B. No. 347 required the prosecutor to show by a "preponderance of the evidence" that the property at issue is subject to forfeiture under R.C. 2981.02.

St.3d 318, 2012-Ohio-1908, 972 N.E.2d 509, ¶ 28 ("[A]n order of forfeiture is not a sentence."). " '[I]t is immaterial to civil forfeiture proceedings whether the defendant is also charged or convicted of an underlying criminal offense.' " *In re $75,000.00 U.S. Currency*, 2017-Ohio-9158, ___ N.E.3d ___, ¶ 53 (8th Dist.), quoting *Marmet Drug Task Force v. Paz*, 3d Dist. Marion No. 9-11-60, 2012-Ohio-4882, ¶ 23, citing R.C. 2981.01(B)(10).

{¶ 21} Because the instant case involves a civil forfeiture proceeding, which does not involve sentencing for an offense, we find that R.C. 1.58(B) does not clearly apply. As a result, we do not find that R.C. 1.58(B) serves as express legislative intent for the retroactive application of the $15,000 threshold in the amended civil forfeiture statute, R.C. 2981.05. Therefore, the General Assembly has provided absolutely no language expressing intent for R.C. 2981.05 to apply retroactively, as there is no such language in the statute itself or in Sub. H.B. No. 347. Given that the General Assembly has not expressly proclaimed that R.C. 2981.05 applies retroactively, we need not address the question of whether R.C. 2981.05 is substantive. Accordingly, we find that the trial court's application of the $15,000 threshold in amended R.C. 2981.05 was unconstitutionally retroactive. In so holding, we also find that the trial court erred in dismissing the instant civil forfeiture action based on the improper retroactive application of that statutory provision.

{¶ 22} The State's sole assignment of error is sustained.


**Conclusion**

{¶ 23} Having sustained the State's sole assignment of error, the judgment of the

trial court is reversed and the matter is remanded for further proceedings consistent with the opinion.

. . . . . . . . . . . .

HALL, J., concurs.

FROELICH, J., dissenting:

{¶ 24} Both before and after the State filed its civil forfeiture complaint, R.C. Chapter 2981 permitted the State to file a civil forfeiture action seeking an order of forfeiture, and the court was required to issue a civil forfeiture if it determined that the prosecutor had proved that the property was subject to forfeiture. The property subject to forfeiture was and is:

(1) Contraband involved in an *offense*;

(2) Proceeds derived from or acquired through the commission of an *offense*;

(3) An instrumentality that is used in or intended to be used in the commission or facilitation of [certain listed] *offenses* when the use or intended use, consistent with division (B) of this section, is sufficient to warrant forfeiture * * *.

(Emphasis added.) R.C. 2981.02(A).

{¶ 25} Since April 6, 2017, proceeds must exceed $15,000 to be subject to forfeiture, R.C. 2981.05(D)(1) and (3)(c), and the State must prove by clear and convincing evidence "[t]hat the person knew or had reasonable cause to believe that the proceeds were derived from the alleged commission of an *offense subject to forfeiture proceedings* in violation of section 2927.21 of the Revised Code," R.C. 2981.05(D)(3)(b).

(Emphasis added.)

**{¶ 26}** R.C. 1.58(B) provides, in relevant part, that if the *forfeiture for any offense* is reduced by a reenactment or amendment of a statute, the forfeiture, if not already imposed, shall be imposed according to the amended statute. In this action under R.C. 2981.05, the State sought forfeiture of the property because of the commission of an offense.

**{¶ 27}** The trial court correctly determined that R.C. 1.58 required it to apply the more lenient requirements of R.C. 2981.05, as amended; at the time this civil forfeiture was to be imposed, the State had the burden of proving by clear and convincing evidence that the proceeds exceeded $15,000. Since the parties agree that the amount in question does not exceed this minimum, the motion to dismiss was properly granted.

**{¶ 28}** I would affirm the trial court's dismissal.

. . . . . . . . . . . .

Copies mailed to:

Mathias H. Heck, Jr.
Adam M. Laugle
Anthony R. Cicero
Christopher Pagan
Jimmie Christon
David Washington
Hon. Steven K. Dankof